Pettibone, J.,
delivered the opinion of the Court.
This was an action on a promissory note. Plea, general issue, and a special plea, which it will not he necessary to notice, as the points arise on the rejection of testimony, which, if admissible at all, was admissible under the general issue. Verdict and judgment for the plaintiff, for the amount of the note.
The defence attempted to he set up is, that there was no consideration for the note. The defendant offered to prove that the note declared on was given as the consideration of land, purchased by defendant at public vendue; which land was sold for the benefit of plaintiffs, who represented themselves as the heirs of Louis Lorimier, deceased, when in fact they were not, and had no right or claim to said land; that the land sold, and for which the note was given, was the same of which Louis Lorimier died seized, and that Marie Logan was his .heir, and entitled to said land. That the order of Court under which the sale took place, was obtained by the false and fraudulent representations of plaintiffs, pretending to be the heirs of Lorimier, &c.; that a deed, which plaintiffs had obtained for the same land, from Peter Menard, was given by mistake, and with a full belief that they were the heirs of Lorimier, &c. We think the evidence properly rejected, for a variety of reasons: First. The facts do not prove a want of consideration. The deed, for aught appears, may contain covenants of warranty; in which case the covenants in the deed would constitute a good consideration. If there were no covenants in the deed, it might be considered as a mere quit claim of the right of title of plaintiffs. In that case there would be no warranty of title, expressed or implied. Of course the title would not be the consideration, but the sale or transfer of such right as the plaintiff might happen to have. It is immaterial how the order of sale was obtained. It stands good until set aside, and will justify the sale that took place. As to the fraud of the parties in representing themselves to be the heirs, when they were not, it is immaterial as a defence, unless the legal title of the land constitutes the consideration of the note, because the defence would not go to the consideration. The party would haye all that he purchased. If he was fraudulently induced to purchase, or if the thing obtained was different from what it was represented to be, he must resort to his action for the fraud. He cannot keep the thing purchased and refuse to pay the purchase money. There is another reason why this defence should have been rejected. The rights of the parties cannot be fairly tried and settled under such'a defence. In the first place, it puts in issue many intricate matters, rather foreign from the subject *294 matter of the suit, which the plaintiff could not well be supposed' prepared to meet. The title to the land must be tried j the order of Court, directing, must be overhauled ; the question, who are the legal heirs of Lorimier, must be decided. It has been defcided, that where a plaintiff wished to bring, in question, the-title to land, in an action of assumpsit, he should not do it, But should resort to his action of trespass ejectment, where the title may be put directly in issue. The reason is, that it would operate as a surprise upon the opposite party, and would' too much embarrass the proceedings. The same rule will apply to the defence, provided the defendant has another remedy, which will bring the fact more directly in issue. Here we cannot sustain this defence, and do complete justice between the parties. We cannot order defendant to give up the land which he has purchased. If defendant is allowed to keep his deed, it may operate as an estoppel to plaintiffs, and any subsequent title which they may procure, will enure to his benefit. We think if the defendant has any remedy, he should seek it in a Court of Equity, where complete justice can. be done between the parties.
Let the judgment of the Court below be affirmed, with costs.