VAN NOTE v. THE HANNIBAL & ST. JOSEPH RAILROAD COMPANY, *Appellant.*

**Railroad**: KILLING CATTLE AT PUBLIC CROSSING. To maintain an action against a railroad company for the killing of cattle at the crossing of a public highway, founded on section 38 of the railroad law, (Wag. Stat., p. 310; R. S., § 806,) it is not sufficient to show that the whistle was not sounded as required by that section. It must appear that neither was the whistle sounded nor the bell rung.

*Appeal from Caldwell Circuit Court.*—HON. E. J. BROADDUS, Judge.

REVERSED.

*Geo. W. Easley* for appellant.

*W. W. Chapel* for respondent.

NORTON, J.—This is an action to recover damages for the alleged negligence of defendant in killing plaintiff's cow. Upon trial of the cause in the Caldwell circuit court judgment was rendered for plaintiff, from which defendant has appealed to this court. The evidence offered on the trial tended to prove that the cow was killed at the crossing of a public highway by one of defendant's locomotives, and that as the train approached said crossing the whistle was not sounded until the train approached within from

four to six rods of said crossing. There was no evidence offered as to whether the bell was rung or not, nor is there any evidence tending to show that it was not rung. At the close of the evidence defendant offered a demurrer to the same and asked the court to instruct the jury that plaintiff on the evidence could not recover. The instruction was refused, and for this action of the court defendant asks a reversal of the judgment. It is provided in section 38, Wag. Stat., 310, that a bell shall be placed on each locomotive, and be rung at a distance of at least eighty rods from the place where the railroad shall cross any traveled public road, and be kept ringing until it shall have crossed such road; or a steam whistle shall be attached to each locomotive and shall be sounded at least eighty rods from the crossing,      *      *      and be sounded at intervals until it shall have passed such crossing. It is also provided that for the neglect of a railroad company to comply with this provision, it shall be liable for all damages sustained by any person by reason of such neglect. To make a railroad company liable under this section it must be shown by the party claiming damages that the corporation neither rung its bell nor sounded its whistle, and that by reason of such neglect the damages resulted. It may be true, as the evidence offered tended to show, that defendant did not sound the whistle as required by law, and yet if the bell was rung as required the defendant would not be liable. The law would be complied with if the company either rung the bell or sounded the whistle, and the failure of plaintiff to offer any evidence tending to show that defendant neglected to ring the bell, clearly entitled defendant to the instruction asked, and for the refusal of the court to give it, the judgment will be reversed and the cause remanded, in which all concur.