## Appleby v. Brock *et al., Appellants.*

1. **Proceedings to Contest a Will**: weight of evidence.  The pro-
   ceeding under the statute to contest the validity of a will being a
   proceeding at law, this court will not go into the question of the
   weight of evidence.

2. ———— : evidence of testamentary capacity : practice.  Where
   non-expert witnesses gave their opinions as to the capacity of a tes-
   tator to make a will, without objection and without being required
   to state the ground of their opinions;  *Held,* that the fact that they
   were not shown to have had any correct understanding of the true
   criterion of testamentary capacity, constituted no objection to a
   finding and judgment based upon their testimony.

3. ———— : ———— : non-expert witnesses.  The opinions of non-ex-
   pert witnesses as to testamentary capacity must not be founded
   upon the testimony of other witnesses, nor upon hearsay or a hy-
   pothetical case, but upon their own observation.

4. ———— : ———— : presumption in favor of action of trial court.
   In a proceeding to contest a will tried by the court below without a
   jury, the weight of evidence (according to the record) appeared to
   be in favor of the testamentary capacity of the deceased, according
   to the standard established by this court, but the court below hav-
   ing found that the testator had not testamentary capacity ; *Held,*

that in the absence of any declarations of law showing what rule was adoptedby that court in determining the question, it would be presumed that it adopted the true rule.

*Appeal from Carroll Circuit Court.*—Hon. E. J. Broaddus, Judge.

Affirmed.

*Chas. A. Winslow* for appellant.

*Hale & Eads* for respondent.

Hough, J.—This is a proceeding, under the statute, to contest the validity of the will of Joel Brock, deceased. An issue was framed as required by the statute, which was by agreement submitted to the court sitting as a jury, the trial of which resulted in a finding and judgment against the validity of the will.

It has been several times decided by this court that proceedings under the statute to contest the validity of a
1. PROCEEDINGS TO will, are proceedings at law. *Lyne v. Mar-*
CONTEST A WILL: *cus*, 1 Mo. 410; *Trotters v. Winchester*, 1 Mo.
weight of evi-
dence. 414; *Swain v. Gilbert*, 3 Mo. 347; *Young v. Ridenbaugh*, 67 Mo. 574. As no exceptions were taken to the admission or rejection of testimony, and no instructions were given or refused in the case before us, the only question left for our consideration is whether there is any testimony to support the finding.

Testimony was introduced by the plaintiffs for the purpose of showing that the will was the result of undue influence, exercised over the mind of the testator, by some of the beneficiaries, and also for the purpose of showing that the testator did not have sufficient mental capacity to make a will.

The will in question was executed on the 18th day of January, 1875, and the testator died in the April following, aged seventy-seven years. The evidence offered to estab-

lish undue influence, tended to show that a son of the testator, who was one of the beneficiaries of the will, frequently transacted business for his father, in consequence of the physical infirmities of the latter, and was occasionally consulted by him, and had some influence over him, but it does not tend to show that his influence was an undue influence, or that the will in question was the result of undue influence on the part of any one.

As to the mental capacity of the testator to make a will the testimony is admitted to be conflicting. The weight of evidence is undoubtedly in favor of the mental capacity of the testator, according to the standard established by this court in the case of *Brinkman v. Rueggesick*, 71 Mo. 553. Several witnesses, however, testified that the testator did not have sufficient mental capacity to make a will. One said he was suffering too much from January 1st, 1875, until his death, to transact any kind of business. Another said, referring to the will, he was not capable of transacting business of that kind. Another, that he did not have sufficient mind to make a will. And a fourth said, "Old man had no mind at all; he was just sitting there." A physician who saw him a few days after the execution of the will said, he " considered him mentally debilitated ; he might have been capable of transacting ordinary business affairs." An old friend who had known him intimately for seventeen or eighteen years, testified that he called to see him, on the evening of the day on which the will was executed, that his condition that evening was worse, that he was suffering intense pain and did not recognize him, when he, the witness, went up to him. This witness further stated that he thought " he was not capable of transacting business on the evening the will was made," and that he was not able to manage his affairs after that time.

The appellants contend that the opinions of these witnesses are not shown to be based on any correct understanding of the true criterion of mental capacity to make

2. —— : evidence of testamentary capacity : practice.

a will, and that not being qualified as experts, their opinions are insufficient to support the finding of a want of testamentary capacity in the deceased. No objection was made to the introduction in evidence of the opinions of the witnesses, nor were they required by appellants, as they might have been, to state the grounds of their belief.

Besides, it does appear that, with one exception, the witnesses who testified to a want of testamentary capacity,

*s. ——: ——: non-expert witnesses.* had adequate opportunity of observing and judging of the mental capacity of the deceased. Attesting witnesses have always been permitted to express an opinion as to the sanity of the testator, on the ground that the law has made it their duty to inspect the testator's capacity, and the law presumes they did observe and judge of it, while other witnesses were by some authorities, permitted to speak only as to facts. But as was well observed by Gaston, J., in *Clary v. Clary*, 2 Iredell 78: "If observation presumed, be a sufficient ground for receiving in evidence the judgment of a witness supposed · to be thereupon formed, it is not readily conceivable that actual observation is an insufficient ground to warrant respect for the judgment of a witness, in fact formed upon it." And in that case it was held that a non-professional witness is not to be restricted to a recital of facts from which the jury may draw an inference of sanity or insanity, but he may give his opinion as to the sanity of a party as the result of his own observations. The doctrine of this case received the approval of this court at an early day, in *Baldwin v. State*, 12 Mo. 223, and has been re-announced in *Crowe v. Peters*, 63 Mo. 434, and *Moore v. Moore*, 67 Mo. 192. And the same rule obtains in other states. In *Dunham s Appeal*, 27 Conn. 192, it is said: "The judgment of a witness founded on actual observation, of the capacity, disposition, temper, character, peculiarities of habit, form, features or handwriting of others, is different from, and more than a mere opinion of an expert. It approaches to knowledge, and in fact is knowledge, so far as the imper-

fection of human nature will permit knowledge of these things to be acquired, and such knowledge is proper evidence for the jury." In *Cram v. Cram*, 33 Vt. 15, it was held that when a person's mental condition or capacity is in question, the opinion of a non-professional witness in relation thereto, derived from personal observation of, and conversation with, such person, is admissible in evidence in connection with the facts upon which the opinion is based. The same rule was announced in *Dennis v. Weekes*, 51 Ga. 24. In *Pidcock v. Potter*, 68 Pa. St. 342, it is stated that it has always been the rule in Pennsylvania to permit a non-professional witness to state his opinion as to the sanity or insanity of the testator, after stating the facts upon which his opinion is founded. In *Hardy v. Merrill*, 56 N. H. 227, it was held, after a most elaborate and exhaustive review of all the cases, that non-professional witnesses, who are not subscribing witnesses to a will, may testify to their opinions in regard to the sanity of the testator, when founded upon their knowledge and observation of the testator's appearance and conduct; and earlier cases in that state holding a contrary doctrine were overruled.

The opinion of the non-expert witness must not be founded upon the testimony of other witnesses, nor upon hearsay, nor upon a hypothetical case, but it must be founded upon his own observations; and the opinion of an intelligent witness having adequate opportunity of observing and judging, is the best testimony which can be adduced; for no mere description of the acts, or words, or tone of voice, or glance of the eye, or general expression of the face, or manner or bearing of a person whose mental condition is in question, can convey to the jury the same impressions or indications of insanity or mental debility, which they will create in the mind of a competent observer.

In the case before us, the opinions of the witnesses, that the deceased was not competent to make a will, and that he was not competent to transact any kind of busi-

ness, was evidently based upon what they regarded as a disqualifying imbecility of mind resulting from sickness and extreme age. And it can make no difference in this case, that it does not appear, that the degree of mental weakness which in the opinion of the witnesses incapacitated the deceased to make a will conformed to the standard fixed by this court.

In the absence of any declarations of law showing what rule was adopted by the trial court in determining

4. ——: ——: the capacity of the testator to make a will
presumption in favor of action of trial court. it must be presumed that the court adopted the true rule for its own guidance, and the belief of the witnesses, of whose general intelligence and capacity to form an opinion on the subject, the trial court, having them before it, was much better qualified to judge than we are, taken in connection with the age and bodily infirmities of the testator, and other circumstances in evidence, were certainly sufficient to warrant the court in finding that the testator did not have mind enough to make a lawful disposition of his property by will. Although from the testimony in this record we might have reached a different conclusion from that arrived at by the circuit court, yet, as we cannot pass upon the weight of evidence, the judgment must be affirmed. The other judges concur, except RAY, J., who did not sit, having been of counsel.