WESLEY TURNER, Respondent, v. THE KANSAS CITY, ST. JOSEPH AND COUNCIL BLUFFS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 28, 1886.

1. PRACTICE — VERDICT, GENERAL AND SPECIAL—CONSTRUCTION OF SECTION 3629, REVISED STATUTES.—Section 3629, Revised Statutes, as amended by the act of 1885 (Laws of Mo., 1885, p. 214.), concerning special and general verdicts, provides as follows : . "In all actions the jury shall, upon the issues made up and submitted to them by the court, return a *general* verdict; and the court, upon request of either party, shall direct the jury, under proper instructions, to find a special verdict upon all or any of the *issues* submitted to them, which submissions shall be in writing, distinctly specifying each issue on which the jury are to find, and such special

finding shall be recorded with the verdict," etc.   *Held,* that the statute only intends that *issues* in the cause shall be submitted to the jury for special finding, and not particular questions of fact, as in some other states.   *Held, further,* that the object of the statute is that the very right between the litigants should be ascertained, and submission should be such as will assist to this end, and not such as will tend to mislead or confuse.

2.   —— EVIDENCE—OPINION OF WITNESSES AS TO SANITY—OPPORTUNITIES FOR JUDGING.—In order that an opinion of a *non-expert* witness on the question of sanity may go to the jury it should be accompanied by some of the facts on which such opinion is based. Before a witness should be received to testify as to the condition of mind, it should appear that he had an adequate opportunity of observing and judging of capacity.

APPEAL from Platte Circuit Court, HON. GEORGE W. DUNN, Judge.

*Reversed and remanded.*

The case is stated in the opinion.

STRONG & MOSMAN, for the appellant.

I.   The court erred in permitting evidence of Chute to be read to the jury, against defendant's objection.   *Appleby v. Brock,* 76 Mo. 314 ;   *State v. Erb,* 74 Mo. 205 ; *State v. Klinger,* 46 Mo. 229 ;   *Byern v. Donnell,* 80 Mo. 335 ; *Pidcock v. Porter,* 68 Pa. St. 342.   The court erred in permitting evidence as to damage to the colt by reason of the killing of its dam.   It was irrelevant and incompetent under the pleadings, and too remote, in any event. *Price v. Ry.,* 72 Mo. 496.

II.   The instructions given for plaintiff were erroneous, being inconsistent, self-contradictory, ambiguous and misleading.   *Turner v. Ry.,* 78 Mo. 580 ;   *Cathcart v. Ry.,* 19 Mo. App. 113 ;   *Young v. Ridenbaugh,* 67 Mo. 584.   They submitted to the jury a question of law, viz :   The competency of testimony.   *Fugate v. Carter,* 6 Mo. 273.

III.   The court erred in overruling instructions asked by defendant.   One was in the nature of a demurrer to

the evidence ; there was total failure of proof that the failure to give signal caused the injury. *Holman v. Ry.*, 62 Mo. 562 ; sect. 806, Rev. Stat.

IV.   The court erred in overruling defendant's motion for judgment on the special findings.   Laws of Mo., 1885, p. 214 ; *Ry. v. Foley*, 38 Ia. 591 ; *Morrow v. Com.*, 21 Kan. 504 ; *Ry. v. McCandliss*, 33 Kas. 366 ; *Fleetwood v. Dorsey Mach. Co.*, 95 Ind. 491.

V.   It was error to overrule defendant's motion in arrest.   The general verdict and special finding are part of the record.   Laws of Mo., 1885, p. 214.   And on the face of the record there was apparent error—conflict.

VI.   It was error to overrule defendant's motion for new trial.   Authorities cited above ; *Callahan v. Warne*, 40 Mo. 131.

No brief for respondent.

ELLISON, J.—On an appeal from a justice of the peace in Platte county, there was filed in the office of the clerk of the circuit court, in said county, on the fourth day of September, 1879, the transcript and papers in this case.   The cause was tried, and defendant appealed to the supreme court, where the judgment in plaintiff's favor was reversed and the cause remanded.   78 Mo. 578.

The statement is as follows :   "Plaintiff states that the defendant is a corporation, and that, on or about the sixth day of July, 1879, in Lee Township, Platte county, state of Missouri, it was the owner and occupier of a certain railroad, with the cars and locomotives thereto belonging, and then and there operating the same through the township aforesaid.

"That on said day, in said township, county and state, the defendant, by its officers and agents, while running its locomotives and cars upon said railroad, caused the same to approach and pass over a traveled public road, the same being the public highway leading from Platte

City to East Leavenworth, in said county, without ring-
ing the bell of said locomotive or sounding the steam
whistle thereon, as required by section thirty-eight,
article two, of chapter thirty-seven of Wagner's Missouri
Statutes.

"That by reason of such neglect of defendant, its
officers and agents, and without any fault or negligence
of plaintiff, the said locomotive struck certain animals
belonging to plaintiff, to-wit: Two horses and one suck-
ing colt, and wounded the colt and injured it badly and
killed the two horses, to plaintiff's damage in the sum of
two hundred and fifty dollars, for which sum he prays
judgment."

The cause came on again for trial in the Platte circuit
court, on August 12, 1885, before a jury, and there was
a verdict for plaintiff for $100.

At defendant's request, the jury were instructed to
find a special verdict, under section 3629, Laws of 1885,
214. There were many submissions made to the jury;
among them were the following, with the return of the
jury in response thereto:

Q.   "Was the whistle sounded before the engine
reached the crossing?"

A.   "Yes."

Q.   "How many times was it sounded?"

A.   "The evidence conflicted. We cannot tell."

Q.   "How far below the crossing was the train when
the first whistle sounded?"

A.   "From the evidence we cannot tell."

Q.   "Was the bell rung before the train reached the
crossing?"

A.   "Yes."

Q.   "How far below the crossing was the train when
they commenced to ring the bell?"

A.   "We cannot tell."

Defendant made a motion for judgment on the
verdict, which was overruled.

I.   This statute is new in this state and we are not

aware of any case arising prior to this one in which a construction thereof is involved.

The motion is based on the fact that the jury answered, "we cannot tell," to the second, third and fifth interrogatories.

If we considered these interrogations, or submissions, proper, under the section above referred to, we should hold the defendant entitled to the judgment, for it is provided that, "whereon the special finding of facts is inconsistent with the general verdict, the former shall control the latter, and the court shall give judgment accordingly."

When, on proper submissions, the jury answer they do not know, or cannot tell from the evidence, it is equivalent to a finding that such facts are not proved. Before defendant could be rendered liable in this action the evidence must show that it failed to ring the locomotive bell continuously from a point at least eighty rods from the crossing, till its engine shall have crossed the road ; and that it failed to sound the whistle at a point at least eighty rods from the crossing, and at intervals till the crossing shall have been passed. And that the injury happened by reason of this neglect. *Van Note v. Ry. Co.*, 70 Mo. 641.

In order to become liable, the defendant must have neglected, both to ring the bell and to sound the whistle ; if it did either, it is not liable.

These are "issues" to which, if the jury answer they cannot tell how the fact is, the case is not proved and must fall.

In Kansas, where a similar statute exists, the supreme court says : "The general verdict is an affirmation that these charges are true. In other words, it affirms them. Turning now to the special questions, we find that to several, the jury simply answered : "Don't know. * * * A case is to be tried upon the evidence, and according as an alleged fact, is, or is not established by that evidence, it does, or does not, for the purpose of

that case, exist.    The main object of special questions is to bring out the various facts separately, in order to enable the court to apply the law correctly, and to guard against any misapplication of the law by the jury."
*    *    *    The special findings "imply a denial of the existence, or perhaps, more correctly, of the proof of the existence of the facts concerning which the questions were propounded.    And one, for all purposes of the case, is the same as the other.    And this *lack of proof operated against the party who needs to make the proof*."    *Morrow v. Comrs.*, 21 Kan. 504.

"The failure of a jury to answer special questions presented to them, for the reason, as expressed by them, that the evidence is conflicting and they cannot answer, is generally equivalent to a finding that the facts, concerning which they are asked to make findings, do not exist, or are not proved."    *Ry. Co. v. McCandliss*, 33 Kas. 366.

So, I repeat, that did we consider the interrogations proper, we should hold defendant's motion for judgment should have been sustained.    But I do not deem them proper.    Our statute, though similar to those in force in Kansas and Indiana, is unlike them in some material respects.    Our statute is as follows : "Section 3629.    In all actions, the jury shall, upon the issues made up and submitted to them by the court, return a general verdict, and the court, upon request of either party, shall direct the jury, under proper instructions, to find a special verdict upon all or any of the issues submitted to them, which submissions shall be in writing, distinctly specifying each issue on which the jury are to find, and such special finding shall be recorded with the verdict," etc.

The Indiana statute ( 2 Rev. Stat. 1876, p. 171, sect. 336 ), besides providing for a special verdict "upon all or any of the issues," declares that, when requested by either party, the court shall instruct the jury that, "if they render a general verdict, to find specially upon par-

ticular questions of fact, to be stated in writing." And the Kansas statute (3814) section 286, (sec. 286) section 7, compiled laws 1879, provides that, "in all cases the jury shall render a general verdict, and the court shall, in any case, at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

It will be noticed that the Missouri statute is, that the interrogations shall be "upon all or any of the *issues*," while those of Indiana and Kansas authorize a finding "upon *particular questions of fact*." So it has been held in Indiana that, "by particular questions of fact, something less than an issue presented in the case is intended." *Todd et al. v. Fenton et al.*, 66 Ind. 25. Particular questions of fact in Indiana embrace only a particular question pertinent to, but not covering any of the issues ; while a special verdict covers the issues. *The Toledo, W. & W. Ry. Co. v. Hammond*, 33 Ind. 379.

Among the issues in this case was, whether the whistle was sounded at least eighty rods from the crossing, and at intervals until the engine passed the crossing. But the question submitted did not put this issue to the jury: The question was, "how many times was it (the whistle) sounded ?" The jury answered, no doubt truly, "we cannot tell." That is, they could not tell whether it had been sounded six or a dozen times, or more or less, but they might have been well able to say, it was sounded at intervals, the exact number "we cannot tell." So the jury were not able to say just how far the engine was from the crossing when it first whistled, but they might well have been able to say, it was at least eighty rods. The same may be said of the questions concerning the bell.

It is apparent that our statute only intends that issues in the cause shall be submitted to the jury for special finding. And since the case, for reasons herein-

after stated, will be re-tried, it may be as well to state here, that many of the other submissions made to the jury, at defendant's request, there being nineteen in number, were also improper. It was not intended by this statute that the jury were to be subjected to a cross-examination by counsel, under the guise of laying the foundation for a special verdict. The object of the statute was, that the very right between the litigants should be ascertained, and submissions should be such as will assist to this end, and not such as will tend to mislead or confuse. In Indiana, where, as we have seen, the statute is much broader than with us, and where larger liberty of interrogation is permitted, the court held that, "the statute was intended to provide a proper means of securing a fair trial and a proper verdict, and should not be used for the purpose of confounding, confusing, or misleading the jury." *Manning v. Gasharie*, 27 Ind. 399.

It is the better practice, however, that objection should be made at the trial to any submission thought to be improper.

II. On the former trial of the cause, one A. L. Chute was a witness. His evidence was incorporated in the bill of exceptions taken to the supreme court. At the last trial a witness was asked the following questions, preparatory to introducing Chute's evidence as set out in the bill of exceptions.

Q. "Do you know A. L. Chute?"

A. "Yes, sir."

Q. "Do you know his condition?"

A. "Yes, sir. He is what I would call—'He is crazy.'"

Q. "Crazy as a bed bug."

A. "Yes, sir."

Q. "Did you hear his testimony at the last trial?"

A. "Yes, sir, I heard it."

Defendant objected to the testimony and objected to the questions propounded to the witness, which were

overruled.    Chute's evidence, as contained in the bill of
exceptions, was then read to the jury.    This was an error
for which the judgment will be reversed.    In order that
an opinion of a non-expert witness, on the question of
sanity, may go to the jury, it should be accompanied by
some of the facts on which such opinion is based.
" Before a witness should be received to testify as to the
condition of mind, it should appear that he had an ade-
quate opportunity of observing and judging of capacity."
*Baldwin v. State,* 12 Mo. 223 ; *Appleby v. Brock,* 76
Mo. 314 ; *Moore v. Moore,* 67 Mo. 192 ; *Crowe v. Peters,*
63 Mo. 429.    It is evident that the above questions and
answers do not meet the requirement of these authori-
ties.    There are no facts elicited from the witness show-
ing on what his opinion was based, or what were his
means of observation.

For this error the judgment will be reversed and the
cause remanded.    All concur.