TERRY, *By Next Friend*, v. THE ST. LOUIS & SAN FRANCISCO RAILWAY COMPANY, *Appellant.*

1. **Railroads, Duty of to Ring Bell and Sound Whistle:** PUBLIC CROSSINGS. Railroad companies are not required to both ring the bell and sound the whistle at public crossings. The law will be complied with by doing either the one or the other, at the distance and in the manner pointed out by the statute. Laws 1881, p. 79.

2. ———: PLEADING. Where one count of the petition alleges a failure to sound the whistle, and the other a failure to ring the bell, both are fatally defective. It must be alleged and shown that there was a failure to do both.

3. **Pleading:** PRACTICE. Where plaintiff states the same cause of action in two or more counts, there must be, at least, one good count on which the judgment can stand.

*Appeal from Phelps Circuit Court.*—HON. C. C. BLAND, Judge.

REVERSED.

*John O' Day* for appellant.

The statute does not require both the whistle to be sounded and the bell rung. It is sufficient if either is done, and for aught that appears in the counts in the petition one or the other may have been done. *Van Note v. Railroad*, 70 Mo. 641; *Turner v. Railroad*, 78 Mo. 580. Under the doctrine laid down in this state the second count, to state a cause of action, should have al-

leged that neither the whistle was sounded, nor the bell rung, and the same may be said of the third count.

*A. Corse* for respondent.

BLACK, J.—The plaintiff, a minor twelve years of age, who sues by his next friend, was injured by the defendant's engine and cars whilst driving an ox team and wagon along a public road and over the railroad crossing. The court directed a verdict for the defendant on the first and fourth counts of the petition, and they need not be noticed further than to say, the first is based upon alleged negligence in employing an incompetent engineer, and the second for failure to erect a sign board at the crossing.

There was a motion in arrest of judgment on the second and third counts, which was overruled, and this presents the first assigned error. The second count avers that it was the duty of the defendant to cause a bell, placed upon the engine, to be rung at a distance of eighty rods, at least, from the crossing, and to keep the same ringing until the train passed the public road; that the defendant, on the occasion in question, neglected to ring the bell, by reason of which plaintiff was injured. The third count alleges a like duty with respect to sounding the whistle, and that defendant failed to sound a steam whistle, by reason of which he was injured, etc. By the act of March 26, 1881 (Acts of 1881, p. 79), it is not necessary that the company should both ring a bell and sound a whistle at these crossings. It is only made the duty of the company to either ring the bell, or sound the steam whistle. The law will be complied with by doing either the one or the other, at the distance, and in the manner pointed out by the statute. The second count is, therefore, deficient in not stating that the defendant failed to sound the whistle, and the third in not stating that the defendant failed to ring the bell. It must be al-

leged and shown that the defendant neither rang the bell nor sounded the whistle. *Van Note v. Railroad*, 70 Mo. 641; *Turner v. Railroad*, 78 Mo. 578. If the plaintiff will state the same cause of action in two or more counts, he must see to it that he has at least one good count upon which the judgment can stand. The motion in arrest should have been sustained; indeed, these two counts are so fatally defective, that evidence should not have been received in support of them, and such an objection was also timely made. In the present attitude of this case, it is deemed not best to examine the other questions raised in the appellant's brief. Indeed, the instructions, of which some complaint is made, are not given in appellant's abstract, and respondent makes no appearance here.

The judgment is reversed and the cause remanded, and the plaintiff will have leave to amend his pleading if desired. All concur. Henry, C. J., absent.