JAMES H. HUMPHREY, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, Appellant.

### Kansas City Court of Appeals, November 7, 1910.

1. **EVIDENCE: Pleading and Proof: Variance.** Where plaintiff alleged that the injury in question was caused by the clogging of a culvert, the effect of which was to divert the water into a drain pipe, and thus flood his land, the admission of evidence, if not objected to at the time, showing that a wire fence was the most potent factor, instead of the culvert, in catching such debris, will not constitute error.

2. ———: ———: **Instructions.** Instructions grounded upon the evidence thus admitted are proper, where neither the admission of such evidence, nor the giving of the instructions affected the merits of the cause.

3. **GENERAL VERDICT: Two Counts.** A general verdict on two counts is proper where these counts were for one and the same cause of action.

#### On Rehearing.

4. **NEGLIGENCE: Evidence: Proof Without Averment.** The rule that where the petition grounds a cause of action *ex delictu* on specific causes or acts of negligence, the plaintiff must recover, if at all, on proof of the precise causes or acts averred, should not be applied where the acts or facts are merely incidental, and have no true place in the chain of casual events.

Appeal from Platte Circuit Court.—*Hon. Alonzo D. Burnes,* Judge.

AFFIRMED.

*O. M. Spencer* and *Guy B. Park* for appellant.

(1) There being no evidence to support the allegations, in counts one and two of the petition, of what caused the damage, but the evidence being that the damages resulted from causes not alleged in said counts, the demurrer to the evidence at the close of all the evidence should have been sustained. Dunham v. Joice, 129 Mo. 5; Hite v. Railroad, 130 Mo. 132; Hunt v. Railroad, 89 Mo. 607. (2) Section 1110, R. S. of Mo., under which third count of the petition was drawn, was so amended in 1907, which amendment was in effect at the time of the injury complained of, as to make the duties of appellant different from those stated in petition. Session Acts 1907, p. 169. (3) The measure of damages for the destruction of an annual crop, such as wheat, before maturity, is the cost of reseeding and rental value of the land during loss of crop. Adam v. Railroad, 122 S. W. 1136; Stanley v. Railroad, 121 Mo. App. 537; Jones v. Cooley Lake Club, 122 Mo. App. 113; Mattis v. Railroad, 119 S. W. 998. Instructions must be based on evidence. Degonia v. Railroad, 123 S. W. 816; Graefe v. Transit Co., 123 S. W. 835; Chambers v. Railroad, 111 Mo. App. 609; Harrison v. Lakeman, 189 Mo. 608; Wojtylak v. Coal Co., 188 Mo. 284; Mansur v. Botts, 80 Mo. 658; Evans v. Railroad, 106 Mo. 600. The rule that permits a judgment to be affirmed where the instructions are erroneous, but the error harmless, does not apply to the principal instruction in a case. Degonia v. Railroad, 123 S. W. 816. It is not the common law duty of a railroad to protect against surface waters. Thompson v. Railroad, 137 Mo. App. 62. The statutory duty laws 1907, p. 169, where instructions conflict, error is fatal. Shepard v. Transit Co., 189 Mo. 362; Porter v. Railroad, 199 Mo. 82. (4) It is error for instruction to assume as true a controverted fact. Klein v. Transit Co., 117 Mo. App. 691.

*James H. Hull* and *John W. Coots* for respondent,

(1)   The first count is sufficient at common law, and is not affected in any way by section 1110, R. S. 1899, or the amendment of 1907.   Brink v. Railroad, 17 Mo. App. 177; Edwards v. Railroad, 97 Mo. App. 103; Williamson v. Railroad, 115 Mo. App. 72; Webb v. Carter, 121. Mo. App. 147; Standley v. Railroad, 121 Mo. App. 537; Gebhardt v. Railroad, 122 Mo. App. 503. (2)   The second count of the petition is good at common law.   Authorities, supra.   Acts of statutory negligence may be joined in the same, count with common law negligence.   White v. Railroad, 202 Mo. 560; Rapp v. Transit Co., 190 Mo. 153.   (3)   The third count is sufficient under section 1110, R. S. 1899, as a statutory count.   Cooper v. Railroad, 123 Mo. App. 141; Williamson v. Railroad, 115 Mo. App. 72; Cox v. Railroad, 174 Mo. 588; Byrne v. Railroad, 47 Mo. App. 383.

ELLISON, J.—Plaintiff's action was instituted to recover damages for the destruction of his crops of corn and wheat.   He recovered judgment in the trial court.

It appears that plaintiff was occupying a farm in the Missouri River bottom and that defendant built a line of railway just east of plaintiff's land, and also a "spur" connected with the main line. The road crossed two creeks which "headed" up in the bluffs to the east and ran through the bottom land emptying into the Missouri River off to the west.   The road was built by constructing an embankment and where it crossed these creeks concrete culverts were put in.   Plaintiff charges that these culverts were not of sufficient dimensions to let the water through which came from ordinary rains and that debris and mud was stopped by them so as to partially choke them up.   Defendant seems to have realized that the culverts were, of themselves, not sufficient, for it put a large tiling (about

four feet in diameter) under the embankment about midway between the two creeks and so drained the water that that part which did not go through the culverts would meet at this tiling and thence pass under the embankment. It was the water thus carried to the tiling and thence through the railroad embankment which was cast upon plaintiff's land and destroyed his crops.

The first count of plaintiff's petition charges that in the fall of 1906 plaintiff had fifteen acres of matured corn cut and shocked on his land which was destroyed by the water cast upon his land through the tiling aforesaid.

The second count is in great part a repetition of the charges in the first count concerning the building of the road and putting in the culverts at the crossing of the two creeks and the large tiling midway between, to which the waters dammed at the two culverts would flow and escape through onto plaintiff's land. It likewise charged that the drains could have been made leading portions of the water off by way of what is called "Stilling's ditch." It then charges that in the summer of 1907, "up to and for ten days or two weeks after the 15th day of July, 1907," water was thus cast upon and destroyed sixty acres of wheat.

The third count was for the destruction of the same crop of wheat, but was based on section 1110, Revised Statutes 1899 (Laws 1891, p. 82, amended Laws 1907, p. 169) requiring railway companies to construct ditches and drains.

The damage under the first count was assessed at one hundred dollars. There was one finding on the second and third counts, the damage being assessed at four hundred dollars.

There was ample evidence to sustain the case charged by the plaintiff as well as to justify the amount of damages returned by the jury. We have, therefore,

only to look to the complaints made of errors committed at the trial.

There was evidence tending to show that the water in the smaller of the two creeks was not obstructed by the culvert as charged by the plaintiff, but that the obstruction came from a wire fence which defendant constructed across the creek just east of the culvert, which diverted the waters of this creek down to the tiling placed under the embankment. Defendant here, relying upon the well known rule of law that a recovery can only be had for and on account of the negligence charged, says it was error to consider the evidence showing any negligence not alleged in the petition. But defendant did not object to the evidence as to the fence. If it had objected on the ground that it was negligence not set up in the petition, the objection would, doubtless, have been sustained. The point cannot be made for the first time in this court. An answer might be made to this view, that notwithstanding no objection was made to admitting the evidence, yet plaintiff should not have asked an instruction submitting the hypothesis of water being obstructed by the culvert in the smaller creek when the real obstruction was the fence and not the culvert. But the evidence did show that the water from that creek did run down to the tiling and thence, with the water from the other creek, onto plaintiff's land. The only point of criticism which can be made is that this water was turned in that direction by the wire fence across the creek, instead of the culvert a few feet further on. Since the evidence concerning the fence was admitted without objection and since it is manifest that no possible harm resulted from submitting the culvert instead of the fence as one of the obstructions we cannot see any good reason in reversing the judgment on a matter which by no possibility could have affected the result.

What we have just written disposes of some principal objections to the instructions. As a whole they

presented the case to the jury properly. There is no reason whatever to suppose the jury was misled.

It is claimed that the motion in arrest of judgment should have been sustained for the reason that on the second and third counts in the petition there was but one general verdict. But these counts were for one and the same cause of action. In such case a general verdict is not improper. On the first count, which was for the destruction of the corn in the fall of 1906, there was a separate verdict. The second and third counts were for destruction of the wheat in the summer of 1907, and the verdict was: ''We, the jury, find for the plaintiff on the second and third counts in plaintiff's petition, and assess his damage at the sum of four hundred dollars.'' The objection is not well taken. [Brownell v. Ry. Co., 47 Mo. 239; Terry v. Ry. Co., 89 Mo. 586; Zellars v. Missouri Water & Light Co., 92 Mo. App. 107, 114.]

As respects its application to this case, there was no material change made in the statute (sec. 1110, R. S. 1899, Acts 1891, p. 82) by the amendment in Acts 1907, p. 169, and we do not find any merit in the complaint as to contradictory instructions.

Nor do we see that any just criticism has been made of the instructions upon the measure of damages. The cases cited by defendant are not applicable. Here, the crops destroyed, for which damages were to be allowed as stated in the instructions, were matured crops.

We have gone over the entire record and find that all the criticism on the judgment is based upon objections wholly technical. The merits of the case seem altogether on the side of the plaintiff. It is a case where that section of the statute applies which forbids us to interfere where no error has been committed materially affecting the merits of the action. Hence we affirm the judgment. All concur.

## ON REHEARING.

A re-examination of the record and briefs has convinced us that a proper disposition of the case was made in the foregoing opinion. Counsel for defendant earnestly insist their position is well taken, i. e., that the action should fail because of a vital difference between the allegations of plaintiff's petition and his proof. We give full effect to the rule that where the petition grounds a cause of action *ex delicto* on specific causes or acts of negligence, the plaintiff must recover, if at all, on the proof of the precise causes or acts averred; but, obviously, that rule should not be applied to acts or facts that are merely incidental and have no true place in the chain of casual events. The gravamen of the present action was the collection by defendant of surface water which, but for defendant's interference, would have flowed off in the two natural water courses mentioned and the precipitation of such water in a body on plaintiff's land. The means by which this result was accomplished were the two inadequate culverts and the drain pipe installed midway between them for no other conceivable purpose than to drain off the surplus water which the deficiency of the culverts would cause to accumulate on the east side of the railroad embankment during heavy rains.

So far as the purposes of this case are concerned, the two culverts and drain pipe constituted a single construction, the practical office of which was to drain off surface water only in a way that would injure the land on the west side of the track. The whole construction constituted a single act of negligence, and that act clearly was the prime cause of the injuries inflicted on plaintiff's land in 1906 and 1907. It is wholly immaterial that no water backed up from the lower culvert in the storm of 1906 and that all of it came from the upper stream and purely incidental is the fact—if it be a fact—that no water would have been sent to the

drain from the lower culvert in 1907 but for the installation by defendant of a right of way fence which, by collecting debris, served to obstruct that culvert. When defendant put in the culverts, it should have taken into account the fact that necessary fences when built might offer some obstruction to drainage, and should have made the culverts large enough to carry off surface waters from any and all storms except one so extraordinary as to be classed an act of God.

The very fact that defendant found it necessary to put in the drain pipe was a confession that the culverts were not properly built and amounted to a declaration of defendant's purpose to relieve its own property of the consequences of its own blunder in a way necessarily injurious to its neighbors. The judgment in this case is so manifestly for the right party that we would do wrong to disturb it on grounds so technical as those urged for a reversal. The judgment is affirmed. All concur.