FRANKLIN PARMELEE *et al.*, Appellants, *v.* PETER FISCHER, Appellee.

APPEAL FROM COOK.

In an action for lost baggage, it is proper to instruct that damages may be assessed for such articles of necessity and convenience as passengers usually carry for their personal use, comfort, instruction, amusement or protection, having regard to the length and object of their journeys.

If a special plea and the general issue are filed, and all matters pleaded specially may be given in evidence under the general issue, it will be presumed the defendant had the benefit of such proof, unless the contrary appears. The omission to answer the plea, will not be cause for reversal of the judgment.

THIS action, case, was brought to the Cook Circuit Court, and was tried at the November term, A. D. 1858, before the court and a jury, MANIERRE, Judge, presiding.

The declaration is, in case, against the defendants as common carriers, and the original declaration contained one count against them as common carriers, and a count in trover.

The first count alleged that defendants were common carriers of goods and chattels, for hire, from the Michigan Central Railroad depot, in Chicago, to the Galena and Chicago Union Railroad depot, and that on the seventh day of June, A. D. 1856, at Chicago, the plaintiff caused to be delivered to defendants a large chest, containing the following described goods and chattels, to wit: two new feather beds and pillows, including an upper and lower feather bed as one bed, two coverlets, two bed spreads or blankets, one lady's black silk dress, ten yards of muslin de laine, one cloak, one fur muff, one large woolen shawl, one oil-cloth table cover, one woolen vest, two pairs woolen pantaloons, two frocks or lady's dresses, one umbrella, one pair of new calfskin boots, one German silver or britannia teapot, one looking-glass, one new double-barreled gun, one set of com-

mon dishes, two dozen German silver spoons, one serving-box, one woolen overcoat, one woolen dress coat, five pairs of stockings, and six towels—of great value, etc., to be safely carried by the defendants from the Michigan Central Railroad depot to the Galena and Chicago Union Railroad depot, Chicago, and there delivered to plaintiff, for certain reasonable reward, etc.

The second count is in trover, for goods of the same description.

To this declaration, the defendants filed the plea of not guilty.

On the 3rd of July, 1857, the plaintiff filed an amended declaration of one count against them as carriers, for goods of the same description, but with allegations of special damage.

To the declaration as amended, the defendants pleaded—1st, the plea of not guilty ; 2nd, a special plea, as follows :

And for a further plea to said several counts of the declaration aforesaid, the said defendants say *actio non*, because they say, that at the time of the receiving of the said goods and chattels, in said several counts mentioned, which were received to be carried to the place in said first count mentioned, and not otherwise, it was in consideration thereof expressly agreed by the plaintiff, to and with the defendants, to be present at the place of delivery of said goods, when the defendants' carriage arrived at said place, and then and there demand his said goods ; and if he was not there, or did not demand the same, then defendants might deliver the same to any agent at the said depot, and defendants should not in any event be liable for said property. And they aver that they took the same to said depot, and plaintiff did not appear there or demand said goods, and defendants delivered the same to the agent of said railroad, at said depot, as they lawfully might—which are the same goods and chattels in said declaration mentioned, and the grievances, etc. And this they are ready to verify, etc.

There was no replication filed to or issue taken upon either of the last named pleas.

The court instructed the jury on the part of the plaintiff, as follows :

If the jury find for the plaintiff, they will assess the damages for such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, instruction and amusement, or protection, having regard to the object and length of the journey.

To the giving of which instruction the defendants excepted.

The jury found a verdict of guilty, and assessed the plaintiff's damages at one hundred and fifty-two dollars and fifty cents.

The defendants thereupon made a motion for a new trial, and in arrest of judgment, which the court overruled.

Final judgment was rendered on the verdict, and defendants prayed an appeal, etc.

SCATES, McALLISTER & JEWETT, for Appellants.

E. A. AND J. VAN BUREN, for Appellee.

BREESE, J. The objections taken by the appellants are not tenable. The instruction given on the part of the plaintiff was the law of the case. *Woods* v. *Devin*, 13 Ill. R. 746; *Davis* v. *Michigan Southern and Northern Indiana Railroad Co.*, *post*.

As to the other objection that the pleas to the amended declaration were not answered, it is sufficient to say, that the amendment was for special damages in traveling and paying out money searching for the lost property. The character of the case was not at all changed by it, as set out in the original narr., and to that there was an issue of not guilty, under which all the matters set out in the special plea could be given in evidence, and we will presume the court permitted the defendant to give it in evidence, the bill of exceptions not showing he was denied that privilege. *Warner* v. *Crane*, 20 Ill. R. 151.

But if one of several pleas be not answered, and the parties go to trial without objection on the part of the defendant, the irregularity is considered as waived. *Ross* v. *Reddick*, 1 Scam. R. 74.

But a conclusive reply to all this is, that the appellant has not assigned it for error. The judgment is affirmed.

*Judgment affirmed.*