## ST. LOUIS & CAIRO R. R. CO.
### v.
## MARY HARDWAY.

1.  LOSS OF BAGGAGE—LIABILITY OF CARRIER.—When a common carrier undertakes to transport baggage and has carried it to its destination, if it is not called for, the carrier must store it in a safe and secure warehouse.

2.  SAME.—Where a passenger's trunk was carried to its destination, and not being called for was placed over night by the carrier in the ladies' waiting room, which was broken into and the contents of the trunk stolen. *Held,* that the passenger properly recovered against the carrier the value of the articles stolen. It was error, however, to allow $10 for a silk quilt. Such article was not baggage.

APPEAL from the Circuit Court of Monroe county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed November 27, 1885.

Messrs. GARLAND & POLLARD, for appellant; that appellant was only a gratuitous bailee, cited Hutchinson on Carriers, §§ 708, 709; Holdridge v. N. & R. I. R.'R. Co., 56 Barb. 191; Jones v. Transportation Co., 50 Barb. 193; Minor v. C. & N. W. Ry. Co., 19 Wis. 40.

Mr. W. WINKELMAN, for appellee; that the carrier was liable for the loss, cited C. & A. R. R. Co. v. Scott, 42 Ill. 132; C., R. I. & P. Ry. Co. v. Fairclough, 52 Ill. 106; Bartholomew v. St. L., J. & C. R. R. Co., 53 Ill. 227; C. & R. I. R. R. Co. v. Warren, 16 Ill. 505.

WILKIN, J. Appellee was a passenger on defendant's road from East St. Louis to Columbia. She arrived at the latter place about six o'clock P. M., and her trunk, containing the articles sued for, was put off on the platform. She gave her trunk check to a hackman, but told him it might be taken up in the morning, if it would be safe there. Shortly after, the station agent put the trunk in the ladies' waiting-room, and

closed the windows, fastening the shutters on the inside, and locked the door, after which he left the station for the night. Next morning it was found that the room had been forcibly entered, and the trunk broken open, and the articles sued for stolen.

On the trial below, plaintiff had judgment for the value of the articles stolen, and the defendant appealed.

The first point made by appellant is, that the allegations of the declaration are not sufficient to charge the company as a warehouseman. The averment in the declaration is that the defendant, not regarding its duty as such common carrier, failed and refused to deliver to the plaintiff the trunk, * * * but caused the same to be left unprotected and in an unsafe place, in consequence whereof said trunk, while in possession of defendant, was broken into, etc. This is unquestionably a good averment against the appellant as a common carrier, and it is in that capacity, as we understand, that the plaintiff seeks to charge it, and not merely as a warehouseman. In Bartholomew v. St. L., J. & C. R. R. Co., 53 Ill. R. 232, it is expressly decided that when a common carrier undertakes to transport baggage, and has carried it to its destination, if it is not called for, the carrier must store it in a *safe and secure warehouse*, and then the new relation of a warehouseman attaches. And in that opinion it is said: "But the burthen of proof is upon the common carrier to show that the property was stored in a safe and secure warehouse, and until this appears, the company can not be exonerated from the liability of a common carrier." In that case it is also decided that the same liability attaches to the common carrier, in the transportation and delivery of baggage as ordinary freight, and it has been repeatedly decided by our Supreme Court (some of the cases being cited in the above case), that in the shipment of ordinary freight, the duty of the carrier as such does not cease until the goods are delivered or placed safely and securely in a warehouse. The warehouse must be a safe and secure place in which the goods are stored. If, therefore, the place in which the trunk was stored was not a suitable warehouse, or an insecure place in which to leave the baggage, the liability of a common carrier continued, unless

appellee, by her conduct after the arrival, did some act which would relieve appellant of that liability. No question, therefore, properly arises on the sufficiency of the pleading to charge appellant as a warehouseman. If liable at all, it is liable as a common carrier, and not as a warehouseman.

The jury were fully justifiable by the evidence in finding that the trunk of appellee was not stored in a safe and secure warehouse. The room in which it was left was in no sense a warehouse, store-room or baggage-room, and was not a proper place in which to leave baggage unguarded. Bartholomew v. St. L., J. & C. R. R. Co., *supra;* Chicago & Alton R. R. Co. v. Scott, 42 Ill. R. 132; Porter v. Chicago & Rock Island R. R. Co., 20 Ill. R. 407.

The goods must not only be placed in a secure warehouse, but it must be under the charge of competent and careful servants, ready to be delivered.

But it is insisted with apparent earnestness that the liability of appellant was only that of a gratuitous bailee, and that it could only be held to the exercise of slight care in storing and safely keeping the trunk, citing C., R. & P. R. R. Co. v. Boyce, 73 Ill. 510. It is impossible to perceive why this decision should be thought to support the position assumed. It is there expressly decided that if a passenger does not call for his baggage within a reasonable time of its arrival at the place of destination, " the company may store it in a *secure warehouse,* and from thence its liability as a carrier ceases, and that of a warehouseman is assumed." A warehouseman is certainly bound to exercise ordinary diligence in taking care of goods in his possession as such.

In discussing the question as to whether the "lay-over ticket" furnished any excuse for the delay in calling for the baggage, the court says, " had the passenger been at Chicago and for his personal convenience had his baggage placed in the company's warehouse, this fact would relieve the carrier from all responsibility except for gross carelessness as a gratuitous bailee," and this it is said by counsel for appellant " is precisely the case shown by the evidence in this case." We are unable to find any evidence in the record even tending to show such

a state of case.   Appellee gave no direction for the storage of her trunk, and that which was done with it by appellant was wholly without her direction, or even knowledge.   It is fallacious to argue that appellee's statement to the hackman that the trunk might remain until morning if it would be safe amounted to an acceptance of it, or to any direction to appellant which would relieve it from liability as a common carrier.

The most that can be said is, that she failed to call for her baggage in a reasonable time, thereby discharging appellant from the stricter liability of a common carrier, provided it safely stored it in a warehouse; but even then in no way waiving her right to insist that ordinary care should be exercised in keeping it until called for.   The fifth instruction was properly refused.   The jury had nothing to do with the conduct of other railroad companies in providing safe or unsafe places for unclaimed baggage.

On the question of care the jury was properly instructed in other instructions given at the request of the appellant.

The silk quilt was not baggage, and the $10 allowed for it was not a proper item of damages in this action.   The $36.60 for making up dresses was also improperly allowed. The prices fixed upon the dresses are for made up garments, and to allow this $36.60 is to allow double price for making them.

The judgment is therefore too large by $46.60.   We perceive no other error in the record, and if appellee will enter a remittitur for the amount of $46.60, on the remanding of the case, she should be allowed to take judgment for the balance, $296.50.

The judgment of the court below is reversed and remanded.

Judgment reversed.