Railroad v. Baldwin.

RAILROAD COMPANY *v.* J. H. BALDWIN *et ux.*

(*Jackson.* April Term, 1904.)

1. **BAGGAGE.** Husband's suit for loss of wife's baggage is not affected by his traveling without paying fare, when.

The husband's right to sue for the loss of his wife's baggage is not affected by the fact that he was traveling with her without a ticket and without paying fare, through the inadvertence of the conductor in failing to call for his fare, where the baggage was carried on a ticket purchased by him for his wife. (*Post, p.* 208.)

2. **SAME.** Husband's suit for loss of wife's baggage is not, affected by her joinder with him as plaintiff, when.

The husband's right to recover for the loss of his wife's baggage, not her separate estate, is not affected by her joinder with him as plaintiff in the suit. (*Post, p.* 208.)

Case cited and approved: Coward v. Railroad, 16 Lea, 227.

3. **SAME.** Includes what; but cannot be defined.

It is obviously impracticable and impossible to define with accuracy what the term "baggage" includes. It certainly includes articles of necessity and personal convenience, usually carried by passengers for their personal use, and what these may be will very much depend upon the habits, taste, resources, condition, and station of the passenger, either with reference to the immediate necessities or the ultimate purpose of the journey. (*Post, pp.* 210-217.)

Cases cited and approved: Bowmar .v. Maxwell, 9 Hum., 625; Johnson v. Stone, 11 Hum., 420; Coward v. Railroad, 16 Lea, 225; Railroad v. Fraloff,100 U. S., 24; Marcow v. Railroad, L. R., 6 Q. B., 612; Runyan v. Railroad, (N. J. Err. & App.), 41 Atl., 367, 43 L. R. A., 284-287, 68 Am. St. Rep., 711; Railroad v. Matthews (Ky.), 72 S. W., 302, 60 L. R. A., 846-848; Oakes v. Rail-

Railroad v. Baldwin.

road, 26 Pac., 230, 12 L. R. A., 318, 23 Am. St. Rep., 126; Heis-chsohn v. Packet Co., 34 N. Y. Super. Ct., 521; Connolly v. Warren, 106 Mass., 146; Railroad v. Hardway, 17 Ill. App., 321; Mauritz v. Railroad (C. C.), 23 Fed., 765; Oumitt v. Hanshaw, 35 Vt., 605; Parmalee v. Fisher, 22 Ill., 212; Railroad v. Boyce, 73 Ill., 510; Bennett v. Dutton, 10 N. H., 481; Hawkins v. Hoffman, 6 Hill, 586; Peixotti v. McLaughlin, 1 Strob., 468; Logan v. Railroad, 11 Rob. (La.), 24; Cole v. Goodwin, 19 Wend., 251; Powell v. Myers, 26 Wend., 591; Transportation Co., v. Burk, 13 Wend., 611; Hollister v. Nowlen, 19 Wend., 234; Railroad v. Kennedy, 41 Miss., 679; Doyle v. Kiser, 6 Ind., 242; Pardee v. Drew, 25 Wend., 459; Pettegrew v. Barnum, 11 Md., 449.

4. **SAME.** For "the purpose of the journey" includes what; but not household goods.

Baggage for "the purpose of the journey" does not include household goods, where "the purpose of the journey" is to "move" or change the place of abode, but the scope of the expression is indicated by the cases allowing the sportsman, journeying for sport, to take his gun case or fishing apparatus; an artist, his easel, when on a sketching tour; a surgeon, his surgical instruments, when traveling with troops, under such circumstances that he may use them at any time; a student, his books, when in pursuit of study. (*Post, pp.* 217, 218.)

Cases cited and approved: Hawkins v. Hoffman, 6 Hill, 586; Merrill v. Grinnell, 30 N. Y., 619; Railroad v. Swift, 12 Wall., 262; Hopkins v. Westcott, 6 Blatchf., 64.

5. **SAME.** Of a female passenger may include the clothes of herself, children, and husband, fancy work, ornaments, key, etc.

The baggage of a female passenger, carried in her trunk, may include her own clothing and that of her children, fancy work and miscellaneous ornaments, savings bank and contents, a zither key, and the underwear of her husband traveling with her; and for a loss of such baggage there may be a recovery against the common carrier.

Railroad v. Baldwin.

6. **SAME. Of a married woman does not include household goods though moving with her husband.**

   The baggage of a married woman does not include household goods carried in her trunk, and there can be no recovery for their loss, though she and her husband were moving from one State to another, especially where the common carrier had no notice that such goods were in the trunk transported as baggage.

7. **COSTS. Taxed to appellant, though judgment is modified by reducing amount, where the proper amount was not tendered in court below.**

   The appellant appealing from a judgment in an action at law will be taxed with all the costs, where the judgment for the loss of baggage is modified on appeal by reducing the amount thereof, and where no tender was made in the court below of the amount of the appellant's legal liability. (*Post, p.* 218.)

---

FROM SHELBY.

---

Appeal from the Circuit Court of Shelby County.—J. S. GALLOWAY, Judge.

FENTRESS & COOPER, for Railroad.

GEORGE WINSTON and A. B. PITMAN, for Baldwin.

---

MR. JUSTICE NEIL delivered the opinion of the Court.

This was an action brought in the court below by a passenger on the railway of the plaintiff in error for baggage lost during a journey.

The case was tried by the circuit judge without the intervention of a jury, and judgment was rendered in favor of the defendants in error, from which plaintiff in error has appealed and assigned errors.

The first error assigned is that the husband was not a legal passenger, but only his wife; the latter traveling on a ticket, but the husband without a ticket and without paying fare. The trunk lost was the property of the wife, but not her separate estate. It is insisted that the action should have been brought in the name of the husband, and, inasmuch as he was not a legal passenger, he could not maintain it. The husband had purchased a ticket for the wife, and she was a legal passenger. It is immaterial, therefore, that the husband had no ticket. He is not suing for baggage carried by him, but he and his wife are together suing for baggage lost by her. It is immaterial that the wife is joined in the suit. The railway company will be fully protected by a judgment, with both before the court. *Coward* v. *Railroad Co.*, 16 Lea, 227, 57 Am. Rep., 227.

The only other assignment that need be specially noticed is that the articles in the trunk were not such as the wife had the right to carry as baggage. The contents of the trunk may be divided into three lots.

The articles concerning which there can be no question, are embraced in numbers 1 and 3, viz.:

(1) Ladies' underwear, children's underwear, ladies' shoes, sunbonnet and hosiery, one large white shawl, boys' sweaters, seven boys' bodies, four flannel shirts,

three ladies' wrappers, one child's overcoat, one ladies' cloak, one lot of patterns, two rain caps, three battenberg pieces, two drawn-work pieces, one red cashmere scarf, one savings bank and contents, two puff boxes, miscellaneous ornaments, one skirt, one key to zither, towels, one small silver card case.

(2) Men's woolen underwear.

(3) Sheets, bedspread, and curtains for bed, bolsters and pillows, one white marseilles spread, one double spread, one comfort, one large pair fancy pillow shams, one silk table cover, one pair blankets, one dozen linen napkin, four long linen tablecloths, two hand-made dresser scarfs, two hand-made sideboard covers, one table cover, drawn work, seven swiss washstand and dresser covers, one crocheted chair tidy, two lace sash curtains, two mantel draperies and ribbon for same, unmade pillow ticks, three china pieces belonging to washstand, two large vases, two pair bisque figures, one spoon holder, two long lamp chimneys, one majolica water set, ice cream freezer and dasher belonging to it, one fancy pitcher, two silver salt and pepper boxes, one silver syrup stand and plate, one-half dozen old silver knives and forks, one-half dozen silver, one silver butter knife, one-half dozen table spoons, one-half dozen teaspoons, three china bowls, cabinet photo and frame, one small clock, one-half dozen cups and saucers and dish, one hand-painted cake plate, two vases hand-painted, one dozen small dessert plates, one dozen dinner plates, one-

113 Tenn—14

half dozen soup plates,- one berry bowl, one amber set, four pieces glassware, two glass pickle dishes, two preserve bowls and glasses, one cream pitcher, one milk pitcher, one-half dozen fruit saucers, one butter bowl.

The defendant in error, J. H. Baldwin, in October, 1901, at Jonestown, Miss., bought a ticket for his wife to Helena, Ark., en route to Forest City, Ark., to which latter place he and his wife were journeying for the purpose of making it their home. The said defendant in error was a livery stable keeper, and intended to go into this business at Forest City, and was removing to that place for the purpose just named.

The trunk and contents were missing at Helena and were never found.

This court said, in *Bomar* v. *Maxwell*, 9 Humph., 625, 51 Am. Dec., 682: "It is obviously impracticable to prescribe any uniform or very definite rule in respect to what shall be deemed baggage. This must be left to the jury to determine in each particular case, from the habits, rank, and condition of the party, the extent and reasonable expenses of the journey, together with all the circumstances relevant to the inquiry." And again it was said, in *Johnson* v. *Stone,* 11 Humph., 420: "It is not practicable to state with precise accuracy what shall be included by the term 'baggage.' It certainly includes articles of necessity and personal convenience, usually carried by passengers for their personal use, and what these may be will very much depend upon the habits, taste, and resources of the passenger." These cases were

decided, respectively, in 1849 and 1850. They were quoted with approval in *Coward* v. *R. R. Company,* 16 Lea, 225, 57 Am. Rep., 227, decided by this court in 1886. In the last-mentioned case the court also quoted with approval the following from Hutchinson on Carriers, section 679, viz.:

"It is impossible to define with accuracy what will be considered baggage within the rule of the carrier's liability. It may be said, generally, that by baggage we are to understand such articles of personal convenience or necessity as are usually carried by passengers for their personal use, and not merchandise or other valuables, although carried in the trunks of passengers, which are not, however, designed for any such use, but for other purposes, such as sale and the like. But it is evident that that which may be convenient or necessary for one person might not be for another, or that which might appropriately and properly be classed as baggage upon one journey and for one purpose might not be so for another journey and for another purpose. That which might be necessary for the convenience of a female passenger might not be so for one of the other sex. That which might be a convenience and almost a necessity for a traveler in one condition of life might be superfluous and wholly useless in the case of another, whose habits and condition in life were wholly different."

The court also, in the latter case, quoted with approval the following from *Railroad Co.* v. *Fraloff,* 100 U. S.

24, 25 L. Ed., 531: "The contract to carry the person only implies an undertaking to transport such a limited quantity of articles as are ordinarily taken by travelers for personal use and convenience, such quantity depending, of course, upon the station of the party, the object and length of his journey, and many other considerations." The court also quoted with approval the following from *Macrow* v. *Great Western Ry.,* L. R., 6 Q. B., 612: "That whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities or to the ultimate purpose of the journey, must be considered personal baggage."

In the case last referred to, Cockburn, C. J., after using the language just quoted, said: "This would include, not only all articles of apparel, whether for use or ornament, . . . but also the gun case or the fishing apparatus of the sportsman, the easel of an artist on a sketching tour, or the books of a student, or other articles of analogous character, the use of which is personal to the traveler, the taking of which has arisen from the fact of his journey. On the other hand, the term 'ordinary luggage' being thus confined to that which is personal to the passenger and carried for his own use or convenience, it follows that what is carried for the purposes of business, such as merchandise or the like, or for larger or ulterior purposes, such as articles of furniture or household goods, would not come within

Railroad v. Baldwin.

the description of 'ordinary luggage,' unless accepted as such by the carrier."

In the American and English Encyclopedia of Law, it is said:

"Regard is to be had to the nature of the journey on which the passenger is bound. Its common necessities, as well as its ultimate purposes, are to be considered. Thus the hunting apparatus of the sportsman, in some cases his dog; the easel of an artist or the books of a student on a tour of investigation; jewelry, laces or fine apparel of a woman of fashion; the tools of a mechanic or the surgical instruments of a surgeon—are all within the meaning of the term 'baggage,' when not being carried as mere merchandise, but for use on the route or for the immediate object of the journey." Vol. 3 (2d Ed.), pp. 531, 532. See, also, *Runyan* v. *Central R. R. Co.* (N. J. Err. & App.), 41 Atl., 367, 43 L. R. A., 284-287, 68 Am. St. Rep., 711; *I. C. R. R. Co.* v. *Matthews* (Ky.), 72 S. W., 302, 60 L. R. A., 846-848; *Oakes* v. *Northern Pac. R. R. Co.* (Ore.), 26 Pac., 230, 12 L. R. A., 318, 23 Am. St. Rep., 126.

It is said that an immigrant, moving to a future home and accompanied by his family, is entitled to carry with him as baggage, in addition to his ordinary wearing apparel, etc., such articles of bedding and linen as are necessary on the passage for the comfort of himself and family; and it has been held that he may carry what will be reasonably necessary for immediate use on arriving

at destination. 3 Am. & Eng. Ency. of Law (2d Ed.), p. 530.

In a note to the above text, it is said: "A feather bed, necessary for a steerage passenger and used by him on the passage, may be classed as baggage"—citing *Heischsohn* v. *Hamburg-Amer. Packet Co.,* 34 N. Y. Super. Ct., 521. "But this is not true, when such an article is packed up, and not intended for use on the journey"—citing *Connolly* v. *Warren,* 106 Mass., 146, 8 Am. Rep., 300. Also that a silk bed quilt, valued at $10, carried by a woman in her trunk ,and not used on the journey or necessary for her comfort, cannot be classed as baggage; citing *St. L., etc., R. R. Co.* v. *Hardway,* 17 Ill. App., 321.

In *Macrow* v. *Great Western R. R. Co.,* supra, the court held that the articles for the loss of which plaintiff was suing the company, consisting of a considerable amount of bedding, etc., could not be classed as baggage, being of such a character and quantity as plainly to indicate that it was not for the use of the traveler on his journey, but for the use of his household when he should become permanently settled.

In *Mauritz* v. *N. Y., etc., R. R. Co.* (C. C.), 23 Fed., 765, the court said: "As to bedding and bed furnishings, not intended for use on a journey, curtains, tablecloths, and covers, books, pictures, and albums, they come under the head of household goods, and not personal baggage, and cannot be recovered for, and must be excluded from your consideration, unless you find

that the agent of the defendant company, when he sold the tickets, was informed or understood that the baggage which was to be carried with the passenger included articles of this character."

The cases of *Ouimit* v. *Hanshaw,* 35 Vt., 605, 84 Am. Dec., 646, and *Parmalee* v. *Fisher,* 22 Ill., 212, 74 Am. Dec., 138, seem to be in conflict with the cases last cited. However, in the last of these cases, it appeared there was testimony to the effect that articles of the kind referred to, small articles of household goods, were reasonably necessary and convenient for the use of the passenger, and were ordinarily carried by passengers of the plaintiff's class. There is no such testimony in the present case.

"It has been held that a sacque, a muff, and silver napkin rings carried by a man cannot be classed as baggage." *Chicago, etc., R. R. Co.* v. *Boyce,* 73 Ill., 510, 24 Am. Rep., 268.

"The baggage of the passenger is included in the contract to carry the passenger; that is, his ticket for the trip entitles him to carry his baggage with him, and without further agreement the carrier is liable for the loss of it." *Bennett* v. *Dutton,* 10 N. H., 481; *Hawkins* v. *Hoffman,* 6 Hill, 586, 41 Am. Dec., 767; *Peixotti* v. *McLaughlin,* 1 Strob., 468, 47 Am. Dec., 563; *Logan* v. *Pontchartrain R. R. Co.,* 11 Rob. (La.), 24, 43 Am. Dec., 199; *Cole* v. *Goodwin,* 19 Wend., 251, 32 Am. Dec., 470; *Powell* v. *Myers,* 26 Wend., 591; *Camden & A. R. & Transp. Co.* v. *Burk,* 13 Wend., 611, 28 Am. Dec., 488;

*Hollister* v. *Nowlen,* 19 Wend., 234, 32 Am. Dec., 455.

"But while a reasonable amount of baggage, by common usage, is deemed to be included in the fare of the passenger, yet the courts should not allow this custom to be abused, and under pretense of baggage include articles not within the scope of the term or intent of the party, thereby defrauding the carrier of his just compensation, besides subjecting him to unknown hazards." *Miss. R. R. Co.* v. *Kennedy,* 41 Miss., 679; *Doyle* v. *Kiser,* 6 Ind., 242; *Pardee* v. *Drew,* 25 Wend., 459; *Pettegrew* v. *Barnum,* 11 Md., 449, 69 Am. Dec., 212.

Now applying the rule to the present case: As already stated, we do not think that any serious doubt can be entertained as to the articles mentioned in list No. 1. Only a few of them call for any special remark. As to the articles mentioned as boys' and children's clothing, we think they may well be carried in the mother's trunk as a part of her baggage. The contents of the savings bank might have been useful on the journey, and the bank itself was certainly useful as a receptacle for the money. So, the zither might have been useful for the entertainment of the party during the journey, and the key was a necessity for the purpose of getting hold of the instrument.

The majority of the court are of the opinion that the property embraced in No. 2 might well constitute a part of the wife's baggage; there being only a small amount of it, and it being customary for the wives of the station and condition in life appearing here to pack in their

trunks a few articles of the husband's clothing, when they are traveling together.

The items that appear in list No. 3 are properly classifiable as household goods, and do not fall within the designation of baggage; it not appearing that they were intended for use upon the journey, but were being trans ported simply because the defendants in error were "moving"—that is, changing from their former home to a new home or place of abode.

Such articles should either be transported as freight, and paid for as such, or their presence should be called to the attention of the carrier, so that he may exercise his option to charge therefor, if he desires to charge.

As already pointed out, the carrier receives no compensation for transporting baggage as such. The law imposes upon him the duty of transporting articles of this character as an incident merely of his duty to transport the passenger himself, which means, of course, that he is not allowed to charge any more for transporting a passenger with baggage than one without such incumbrance. It seems reasonable that the duty should be held to embrace everything incident to the necessities, comfort, or convenience of the passenger as such, according to his state and condition in life and the purpose of his journey; but it does not seem just that under the guise of "baggage" the carrier should be onerated with the duty of transporting, free of charge, articles that generally go as freight. There is, to be sure, some ambiguity in the expression, "the purpose of the

journey." It may be said, speaking broadly, that if the purpose of the journey is to "move" the family, or change its place of permanent abode, all article appertaining to that purpose may be transported under the head of baggage; but that would be, of course, an absurd conclusion because under it the head of the family—in the absence of some limitation by amount, weight, or value, by statute, or by contract in those jurisdictions where such contracts are permissible—could transport all of his household goods free of charge. The scope of the expression is indicated by the cases above referred to and others; as where a sportsman, journeying for sport, may take his gun case or fishing apparatus (*Hawkins* v. *Hoffman,* 6 Hill, 586, 41 Am. Dec., 767); an artist, his easel, when he is on a sketching tour (*Merrill* v. *Grinnell,* 30 N. Y., 619); a surgeon his surgical instruments, when traveling with troops, under such circumstances as that he may have to use them at any time (*Hannibal & St. Jo. R. R. Co.* v. *Swift,* 12 Wall., 262, 20 L. Ed., 423); a student, his books, when in pursuit of study (*Hopkins* v. *Westcott,* 6 Blatchf., 64 [Fed. Cas. No. 6,692]), etc.

In the view we take of the case the assignment of error last referred to must be sustained, to the extent of the articles shown in No. 3. The values of all are given in the testimony. Making the proper deductions according to these values, the judgment of the court below must be reduced to $81.50; this sum representing the value of the articles shown in lists No. 1 and No. 2. The

Railroad v. Baldwin.

judgment here will be for that sum with interest from the bringing of this suit.

I dissent from the view of the majority as to the property embraced in list No. 2. I do not think that "men's woolen underwear" can be classed as part of a lady's baggage; nor do I think the result is altered by the fact that the husband and wife were traveling together. How the case would stand if both were *bona fide* passengers need not be considered. In the present case the husband was not a legal passenger. He boarded the train without purchasing a ticket, and made the whole journey without paying fare. He testified that he was enabled to do this through the inadvertence of the conductor in failing to call for his fare, of which negligence on the part of the company's servant he took advantage. Having performed the entire journey under these circumstances, he practiced a fraud upon the company, and in my opinion should not be permitted to recover the value of a portion of his own clothing lost on the trip, on the theory that it occupied the legal status of his wife's baggage, and not his own. The allowance of such a recovery, as the matter appears to me, compels the carrier to respond in damages to one to whom it had assumed no legal duty, and as to whom it had committed no wrong.

The carrier did not tender in the court below the amount for which it was legally liable, and, although the judgment is modified, must, in a court of law, be taxed with all of the costs. The rule in equity is different.