Toba Levensohn, Defendant in Error, v. The Cunard Steamship Company, Limited, Plaintiff in Error.

### Gen. No. 15,612.

1. COMMON CARRIERS—*when restrictions of liability not enforced.* Attempted restrictions of liability printed upon the back of a steamship passenger ticket will not be enforced in the absence of evidence of assent to such restrictions.

2. COMMON CARRIERS—*character of baggage for which recovery may be had.* A passenger upon a steamship line running between ports of different nations is not restricted in his recovery to mere wearing apparel.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 1, 1911.

SCOTT, BANCROFT & STEPHENS, for plaintiff in error.

LEGAL AID SOCIETY OF CHICAGO, M. B. WELLINGTON and GUY M. BLAKE, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff, here the defendant in error, purchased in London three steerage passenger tickets, for herself and two daughters, aged sixteen and eighteen respectively, to Chicago, via the line of the defendant, here the plaintiff in error, from Liverpool to New York. The baggage consisted of two boxes and two bales. At New York two of the pieces of baggage were missing and two were delivered to plaintiff. After their arrival in Chicago one of the missing pieces was found and forwarded. To recover the value of the other this suit was brought. The jury found for the plaintiff and judgment was entered for $160.

We think the jury might properly find from the evidence the baggage in question was delivered to the defendant and also the value thereof.

On the back of the ticket under "Notice to Passengers"

was a clause printed in English limiting liability for loss of baggage to 5 £ "unless the value of the same be declared at or before the issue of this contract ticket and freight at current rates  *   *   *  is paid." This provision was of course meant to obligate the purchaser to declare the value of the baggage "at or before the issue" of the ticket, or limit the carrier's liability therefor to 5 £. The plaintiff could not speak, read or write the English language, and, although both daughters could, we think the evidence shows she neither assented to nor had any knowledge of said provision of limitation. The counsel for defendant seem to so concede, but claim: "The ticket held by the passenger contained reasonable conditions to insure fair dealings between the parties, and the plaintiff had an opportunity to read the same and is, therefore, held to have had knowledge of such conditions," citing Oppenheimer v. U. S. Express Co., 69 Ill. 66; Boscowitz v. Adams Express Co., 93 Ill. 523, and Tewes v. North German Lloyd S. S. Co., 186 N. Y. 151.

In Boscowitz v. Adams Express Co., *supra,* the court in speaking of such limitations said: 'Whether such restrictions have been assented to in any given case, is always a matter of evidence." We understand Oppenheimer v. U. S. Express Co., *supra,* to so hold, and that both cases hold that a limitation simply to insure good faith and fair dealing must be, to be sufficient, "brought home to the knowledge of the owner of the property delivered for carriage." Tewes v. North German Lloyd S. S. Co., *supra,* sustains defendant's contention on the law. A distinction is there made between a steamship ticket and a railway ticket, and it is apparently held that the purchaser of a steamship ticket is presumed, as a matter of law, to know and understand all the provisions of the ticket. A vigorous dissenting opinion was filed in that case, and our attention has not been called to any case outside of New York in its support. That no presumption of law arises that the passenger has assented to a limitation because of a notice printed on the back of the ticket, is stated in Hutchinson on Carriers, Vol. 2, sec. 1070, on the authority of Brown v. Eastern R. R. Co., 11 Cush. 97. That assent to,

or knowledge of, the limitation is not presumed, as a matter of law, on the shipment of goods, is held in Western Transportation Co. v. Newhall et al., 24 Ill. 466, and Adams Express Co. v. Stettaners, 61 Ill. 184. In Mauritz v. N. Y. L. E. & W. R. Co., 23 Fed. Rep. 765, the court held the passenger was not bound by the printed conditions on the ticket.

The next objection urged is that a large number of the articles lost were men's wearing apparel and household furnishings, and could not properly be considered plaintiff's baggage. The plaintiff was bringing to her husband and son a suit of clothes, a dozen shirts and underclothes in dozen lots. The *remittitur* entered before judgment was more than the value placed upon the said men's wearing apparel, and so that question need not be considered.

The household furnishings lost were a clock, pillows, table covers, feather beds, curtains, sheets, etc. The counsel for defendant rely on Yazoo & M. V. R. Co. v. Baldwin, 81 S. W. 599 (Tenn.), which holds that sheets, bed spreads, pillows, etc., are household goods and not properly designated baggage. They also cite in support of same: Connolly v. Warren, 106 Mass. 146; Mauritz v. New York, L. E. & W. R. Co., 23 Fed. 765; St. Louis & Cairo R. R. Co. v. Hardway, 17 Ill. App. 321, and Macrow v. Great Western Ry. Co., Vol. 6, Law Reports (Q. B.) 612. The counsel for plaintiff rely on Ouimit v. Henshaw, 35 Vt. 604, which holds that "a bed, pillows, bolster and bed quilt belonging to a poor man, who is moving with his wife and family, may be properly called baggage. * * * If the tools of a mechanic, or articles of amusement, such as a gun, a pistol and fishing tackle, or of instruction, such as books, or a lady's jewelry, are properly baggage because they are usually carried as such, we think the articles in question may both by reason and custom be included in the same list." They also cite in support of same: Curtis v. D. L. & W. R. R. Co., 74 N. Y. 116; Parmelee v. Fisher, 22 Ill. 212; Woods v. Devin, 13 Ill. 746, and Hutchinson on Carriers, Vol. 3, sec. 1242.

Each passenger was entitled to carry ten cubic feet of

baggage. The piece of baggage lost was a bale wrapped in coarse cloth and tied with webbing and string. It contained, besides the articles mentioned, some ladies' wearing apparel. It was accepted as baggage by the defendant, and it would seem the defendant would be somewhat familiar with what the ordinary immigrant usually brings as baggage. In Hutchinson on Carriers, Vol. 3, sec. 1250, it is said: "And although the real character of articles tendered as baggage, but which are not properly such, is not stated to the carrier when he accepts them for carriage, if from the facts and circumstances surrounding their acceptance he ought to know that they are not properly baggage, knowledge on his part of their true character will be presumed, and he will be considered as having assumed the liability of a common carrier. * * * Whether the circumstances surrounding their acceptance were such that he would be charged with knowledge of their true character, will be a question of fact for the jury." The same author said, sec. 1242: "It may be stated generally, therefore, that those articles of personal convenience or necessity which the passenger takes with him, either for his immediate use or the ultimate purpose of the journey, and which are such as persons of like habits and wants usually take with them for such purposes when on similar journeys, will be considered as baggage within the rule of the carrier's liability."

In Parmelee v. Fischer, *supra,* a recovery was had for the loss of similar articles to those in question here, and the judgment was sustained. That decision seems to define the position of the courts in this State on the controverted question.

We see no good reason why the judgment should be disturbed and the same is affirmed.

*Affirmed.*