LUKE WOODS, Plaintiff in Error, *v.* JOHN DEVIN, Defendant in Error.

ERROR TO PEORIA.

A common-carrier of passengers, by receiving the baggage of a traveller who has engaged his passage, becomes immediately responsible for its safe delivery at the place of destination.

A common-carrier of passengers is liable for the loss of a pocket-pistol and a pair of duelling-pistols, contained in a carpet bag of a passenger, which is stolen out of the possession of the carrier.

THIS was an action on the case brought by Devin against Woods in the Circuit Court of Peoria county. A trial was had

in that court May 20, 1852, which resulted in a verdict for the plaintiff. The facts of the case are fully stated in the opinion of the court.

H. O. MERRIMAN, for plaintiff in error.

As to the liability of a common-carrier for the baggage of a passenger, see 9 Wend. 85.

N. H. PURPLE, for defendant in error,

Cited 1 Wheaton's Selwyn's N. P. 301, note 1; 10 Ohio R. 150; 9 Wend. 115; 2 Story's C. C. R. 35; Story on Bailm. 362; 3 Watts & Serg. R. 25; 12 Metc. R. 47; 21 Wend. 354; Clark *v.* Spence, 10 Watts, 337; Brigham *v.* Rodgers, 6 Watts & Serg. 499; Laing *v.* Colden, 8 Barr, 481.

TREAT, C. J. This was an action on the case brought by Devin against Woods. The declaration alleged, in substance, that the plaintiff, on the 7th of August, 1851, delivered on board the steamboat Governor Briggs, then lying at Peoria, and owned by the defendant and used by him in the transportation of passengers and freight on the Illinois River between Peoria and La Salle, a carpet-bag containing one case of duelling-pistols, one pocket-pistol, and various articles of wearing apparel, of the value of $200, to be carried on said boat from Peoria to La Salle for a certain reward, and that the defendant received the same for the purpose aforesaid; yet the defendant, not regarding his duty in the premises, did not deliver the carpet-bag and contents at La Salle, but, on the contrary, lost the same. The plea was, not guilty.

It appeared, in evidence, that on the 7th of August, 1851, the plaintiff was about to take a journey from Peoria to the city of New York, and engaged his passage for La Salle in the steamboat Governor Briggs, then owned by the defendant, and run by him on the Illinois River between Peoria and La Salle for the conveyance of passengers and freight; that the plaintiff sent his trunk and carpet-bag to the boat as she was about to leave

Peoria for La Salle, and the same were received on board by the direction of the defendant; that the plaintiff left the boat temporarily, and while absent on shore the carpet-bag was stolen and rifled of its contents, and the same were never recovered by him; that he did not proceed on his journey in consequence of the loss of the carpet-bag; that the plaintiff did not pay his fare for the passage, nor was there any express contract for the carriage of the trunk and carpet-bag; that the carpet-bag contained articles of wearing apparel of the value of $36, a pair of duelling-pistols of the value of $25, and a pocket-pistol of the value of $15.

The court refused to give the following instructions asked by the defendant: " That if the carpet-bag was merely baggage as is usual for passengers to carry, and was designed as such by the plaintiff, the plaintiff cannot recover under this declaration, and the jury will find for the defendant. If the carpet-bag was for the purpose and use of carrying clothing, &c., the plaintiff cannot recover for the contents of the bag, except for such articles as are usually carried by travellers; and the jury are the judges whether or not the pistols mentioned are usually a portion of the baggage of a travelling gentleman, and if not, the jury will not allow any amount for the pistols."

The jury found the issue in favor of the plaintiff, and assessed his damages at $73.75. The court overruled a motion for a new trial, and gave judgment on the verdict.

A common-carrier of passengers is responsible for the baggage of a passenger. His duty in this respect is the same as that of a common-carrier of goods; and he can only excuse himself for the non-delivery of the baggage of a passenger by showing that it was lost by the act of God or of the public enemy. His responsibility commences when the baggage is delivered to him or his authorized agent. The Camden and Amboy Railroad *v.* Belknap, 21 Wend. 354. His compensation for carrying the baggage is included in the fare of the passenger. The Orange County Bank *v.* Brown, 9 Wend. 85; Hawkins *v.* Hoffman, 6 Hill, 586. Prepayment of the fare is not necessary in order to charge the carrier for the loss of the baggage. The Citizens' Bank *v.* The Nantucket Steamboat Company, 2 Story's R. 16.

Woods *v.* Devin.

He has a remedy by action on the implied contract of the passenger to pay the customary fare; and he has also a lien on the baggage, which he is not compelled to deliver until the fare is paid. Angell on Carriers, § 375; Story on Bailments, § 604. By not requiring the fare to be paid in advance, he relies for remuneration on the remedies indicated.

In the present case, the defendant was a common-carrier of passengers. The plaintiff engaged a passage to La Salle, and sent his baggage to the boat. The moment it was received on board the defendant became responsible for its safe delivery at the port of destination, loss occasioned by inevitable accident or the public enemies only excepted. The carpet-bag was stolen from the boat and never recovered by the plaintiff. Loss by theft is not within either of the exceptions to the risk of a common-carrier. The defendant is therefore chargeable with the value of the articles in the carpet-bag, unless they are not to be regarded as forming a part of the baggage of a traveller. It is conceded that the articles of wearing apparel were properly baggage; and the only question is in respect to the pistols. What constitutes the baggage of a traveller, for the loss of which a common-carrier is liable, is a question of some practical importance, and one that has been much considered in reported cases. It is argued in all the cases that the term *baggage* includes the wearing apparel of the traveller. In the Orange County Bank *v.* Brown, *supra*, the trunk of a passenger containing $11,250 in money belonging to the bank was lost; and the bank sought to recover the amount of the carrier, on the ground that it was part of the baggage of the passenger. But the court decided that the money did not fall within the term baggage; and that the attempt to carry it free of reward under cover of baggage was an imposition on the carrier. In Pardu *v.* Drew, 25 Wend. 457, where a trunk containing valuable merchandise, and nothing else, was taken on board of a boat by a passenger, and deposited with the ordinary baggage, it was held that the carrier was not chargeable for its loss. In Hawkins *v.* Hoffman, *supra*, it was decided that the term " baggage " did not embrace samples of merchandise carried by a passenger in his trunk for the purpose of enabling him to make bargains

63*

for the sale of goods. In Cole v. Goodwin, 19 Wend. 251, and Weed v. The Saratoga and Schenectady Railroad Company, Ib. 534, the court held that a carrier was liable for money in the trunk of a passenger not exceeding a reasonable amount for travelling expenses. In Jones v. Voorhees, 10 Ohio, 145, a carrier was made liable for the value of a gold watch lost from the trunk of a passenger. In McGill v. Rowand, 3 Barr, 451, the husband was permitted to recover of the carrier the value of his wife's jewelry which had been taken from her trunk on the coach in which she was a passenger. In Porter v. Hildebrand, 2 Har. 129, the court held that a carpenter might recover from a carrier the value of tools contained with clothing in his trunk, which the carrier had lost, the jury having found that they were the reasonable tools of a carpenter.

The principle of the authorities is, that the term "baggage" includes a reasonable amount of money in the trunk of a passenger intended for travelling expenses, and such articles of necessity and convenience as are usually carried by passengers for their personal use, comfort, instruction, amusement, or protection; and that it does not extend to money, merchandise, or other valuables, although carried in the trunks of passengers, which are designed for different purposes. And regard may with propriety be had to the object and length of the journey, the expenses attending it, and the habits and condition in life of the passenger. A more definite rule cannot well be laid down. The remarks of Bronson, J., in Hawkins v. Hoffman, *supra*, are pertinent. He says, "It is undoubtedly difficult to define with accuracy what shall be deemed baggage within the rule of the carrier's liability. I do not intend to say that the articles must be such as every man deems essential to his comfort; for some men carry nothing, or very little, with them when they travel, while others consult their convenience by carrying many things. Nor do I intend to say that the rule is confined to wearing apparel, brushes, razors, writing apparatus, and the like, which most persons deem indispensable. If one has books for instruction or his amusement by the way, or carries his gun or fishing-tackle, they would undoubtedly fall within the term 'baggage,' because they are usually carried as such."

We think the articles in question formed a part of the baggage of the plaintiff, and as such come within the risk of the carrier. They were not carried for purposes of sale or traffic, but for the personal use and protection of the passenger; and it is not unusual for such articles to be carried in the trunks of travellers.

There was no substantial variance between the declaration and the evidence. The declaration alleged that the defendant received the carpet-bag, to be carried from Peoria to La Salle for a reward. The proof clearly sustained the averment. It indeed showed in addition, that the plaintiff engaged a passage for the same destination, and that he had other baggage. But as the only cause of complaint against the defendant was the loss of the carpet-bag, it was not necessary to state the additional matter in the declaration, especially in an action on the case for the breach of the common-law duty of the carrier. It might perhaps be otherwise in an action of assumpsit on the contract of the carrier. See Weed *v.* The Saratoga and Schenectady Railroad Company, *supra*.

The judgment is affirmed.

*Judgment affirmed.*