CASE 11—PETITION ORDINARY—DECEMBER 14.

# American Contract Company v. Lucy M. Cross.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

1. BAGGAGE.—A gold watch deposited in his trunk by a traveler on a railroad is held to be baggage, for which the carrier is responsible.
2. A railroad company is held responsible as a common carrier for the value of a gold watch which was lost from the trunk of a passenger by the negligence of the company.
3. Whatever forms the necessary appendages of the traveler may be regarded as baggage, and placed in a trunk for conveyance. (Jones v. Voorheis, 10 Ohio, 151.)
4. The owner of baggage was made a competent witness in his own behalf, in an action to recover the value of lost baggage, against a common carrier by the amendment of March 2, 1860, to subdivision 6, section 670, of the Civil Code.

FELAND & EVANS, . . . . . . . For Appellant,

CITED

Angell on Carriers, secs. 114, 304, 317, 318, 320, 326, 571.
Redfield on Carriers, secs. 73, 77–87.
Story on Bailments, secs. 595, 213, 410.
13 Maryland, 126, Giles v. Fauntleroy.
19 C. B. (N. S.) 321, Phelps v. L. & N. W. R. Co.
2 Bush, 86, Tucker v. Hood.        35 Vermont, 605.
9 Humphrey, 621.        16 B. Monroe, 308.

PETREE & FAULKNER, . . . . . . . . For Appellee,

CITED

Redfield on Carriers, page 57, sec. 71; page 72, sec. 79.
Angell on Carriers, 116.
Newberry's Admiralty, 494, Steamer H. M. Wright.
Civil Code, section 670.
10 Ohio, 145, Jones v. Voorheis.
16 B. Monroe, 302, Steamboat Crystal Palace v. Vanderpool.
6 Porter, 242, Doyle v. Kiser.
1 N. Y. Dig., sec. 136, p. 478, Wadsworth v. N. Y. C. R. R. Co.

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant, being a common carrier, running its cars with freight and passengers on what is known as the Evansville, Henderson & Nashville Railroad, undertook for the customary price to carry the appellee with her baggage from the town of Pembroke, on the line of the road, to the town of Hopkinsville, Ky. The baggage consisted of a trunk containing articles of clothing and a gold watch. This trunk was not delivered to the appellee when she left the train at Hopkinsville, and seems not to have been received by her until some days afterward. When she obtained the trunk her watch, of the value of near two hundred dollars, was missing, and an indifferent watch, worth about twenty-five dollars, substituted in its place. This suit is brought against the appellant, as a common carrier, to recover the value of the watch, etc.

The proof on the part of the appellee shows that when the trunk was placed upon the cars that it was securely locked and strapped down; that when the appellee reached her place of destination on Monday she sent on Tuesday morning to the depot for her trunk, and the messenger was informed by the conductor that the trunk was claimed by some gentlemen, and was carried back to Pembroke, the station where appellee had taken passage. The testimony of Mrs. Cross shows that the watch was in her trunk when she left the residence of her relative for the cars, which was only a short distance. In this she is corroborated by two other witnesses, one of them who delivered the trunk at the train securely locked and in good condition. That she had and owned a gold watch of the description alleged is clearly proven, and that when she opened the trunk upon receiving it, some day or two afterward, she found an inferior watch, worth about twenty-five dollars, is equally as well established.

The defense proves by the conductor that when the train arrived at Hopkinsville the appellee told him to have her

trunk placed in the freight-depot, and that he directed the baggage-master to place it there; that when the messenger from Mrs. Cross came after the trunk on Tuesday morning he told him the trunk was taken back to Pembroke by a man who claimed it; that he found the trunk at a place called Guthrie broken open, and is satisfied that he was mistaken when he said "that he had taken it back to Pembroke." The baggage-master swears that when he first received the trunk it was partly open, and that when he reached Hopkinsville he delivered it to some expressman, whom he does not know, at the request of Mrs. Cross; that on Tuesday morning, in going into the baggage-car, he saw the trunk; and by whom it was brought back he can't tell.

This is in substance the evidence in the case. The law and facts were submitted to the court, and a judgment rendered for the value of the watch.

We are of the opinion, from the evidence in the case, that the trunk of the appellee was never taken from the baggage-car, and was taken back to Guthrie or Pembroke the next morning. If a gold watch deposited by the traveler in his trunk is to be regarded as baggage, the appellants are certainly liable. There is some conflict of authority on this point, but the weight of authority results in holding common carriers liable in such cases. Redfield on Carriers, page 70, says that a watch carried in one's trunk is proper baggage. In the case of Doyle v. Kiser (6 Porter) Justice Perkins enumerates as baggage "clothing, traveling-expense money, a watch, ladies jewelry," etc. A gold watch and spectacles were held to be such in the case of the steamer H. M. Wright (Newberry's Admiralty, 494). In the case of the Orange County Bank v. Brown (9 Wendell) Justice Nelson held that "money taken for mere transportation is not regarded as baggage; but that money taken to defray the expenses of travel is to be regarded as baggage." What constitutes bag-

gage, as the word is used in the law-books, is not very well defined; but it seems to us the meaning given to the word by Justice Wood in the case of Jones v. Voorheis (10 Ohio, 151) is as easily understood as any to be found in the books; viz., that whatever forms the necessary appendages of the traveler may be regarded as baggage, and placed in a trunk for conveyance; and, as stated by the learned judge in that case, the watch may be placed in the trunk to avoid accident on the travel, or as a matter of convenience and even safety. It is not such negligence on the part of the owner as releases the carrier from liability. Indeed the watch might be regarded as safer in the trunk than upon the person, when the traveler on his journey is compelled to mingle with and pass through large crowds of persons generally assembled about railroad depots.

In this case the watch was lost by the negligence of the appellants, and to relieve them from liability would be determining that the passenger must care for his baggage, and not the carrier.

The objection to the testimony of Mrs. Cross was not well taken. She is made a competent witness by an amendment to the Code of Practice, passed March 2, 1860, and her counsel had the right to introduce her at any time until his testimony closed. She makes no statement on her direct examination that is not admitted by the pleadings, except as to the contents of the trunk.

The judgment of the court below is affirmed.