## Mrs. S. J. Atwood v. Edward Mohler.

1. CONTRACTS—*What is a Sufficient Consideration.*—The resigning of a baggage check to the representative of an employment agency by one hired for employment at a distance, as security for his appearance at the end of the trip, is a sufficient consideration for the promise of the representative to be responsible for the baggage.

2. COMMON CARRIERS—*What Belongings Are Included in the Term "Baggage."*—Baggage includes such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, instruction and amusement, or protection, having regard to the object and length of the journey. A camera and its belongings come within such definition.

Atwood v. Mohler.

Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed June 18, 1903.

Following is a statement of the facts in the case, by appellant's counsel, which is substantially correct as far as it goes: ·

"In August, 1899, appellant was conducting an employment agency at Kansas City, Missouri. On the twenty-second of that month appellee paid appellant $2 as a consideration for furnishing him transportation to Wyoming, and work on the Union Pacific road when he got there.

Appellee carried in a grip, worth $2, the following personal property, of the following values: One coat, $12; one pair of shoes, $3.50, one leather belt, $1; one cap, 50 cents; one camera, $36; one camera outfit, $15; one pair cuff buttons, $1; shirts, cuffs, collars and underwear, $3.50; one pair overalls, 50 cents; socks, 50 cents, of the aggregate value of $75.50. When this grip with its contents was delivered by appellee to the Union Pacific Railroad Company at Kansas City, appellant took possession of the check issued therefor, explaining to appellee that she did so in order to insure appellee's going through to his destination. To this arrangement appellee finally assented upon the alleged promise of appellant that she would be responsible for his 'baggage.' This check was carried by appellant on the same train with appellee as far as Denver, was there delivered by her to her agent, who, under her direction, delivered it to the baggagemaster of the Union Pacific at Denver, receiving in return a check for appellee's property from Denver to Cheyenne, which check (with others) was placed by him in an envelope marked ' for Mr. Harris, superintendent of Wyoming Division,' and handed to the clerk of the baggagemaster of the Union Pacific road at Denver. Appellee's property, which, after its delivery to the railroad company, never came into the possession of appellant, was lost.

Appellee and one witness testified that appellant told them in Denver to stay around a few days and she would search for their baggage, and it would undoubtedly be found; that it would only be a matter of a day or two to wait; that the baggage would probably come in; that it must have been miscarried; that it would surely come in. Appellant thinks nothing of the kind was said.

The court below found the issues for the plaintiff and

assessed his damages at the sum of $85.65, $75.50 as the value of his personal property lost, and $10.15 as compensation for one week's living expenses of plaintiff in Denver, and rendered judgment accordingly."

It appears from the evidence that appellant, in dealing with appellee, was acting as the agent of the Union Pacific Railroad Company to secure laborers for the company, and that she refused to furnish appellee with transportation to Cheyenne unless he would permit her to take the check for his baggage as security that he would turn up at the proposed destination. The cause was tried by the court, without a jury, by agreement of the parties.

JOSEPH C. FINCH, attorney for appellant.

JOHN STIRLEN, attorney for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

The contentions of appellant's counsel are, that there was no consideration for appellee's promise that she would be responsible for appellee's baggage; that an express or implied promise is necessary to a recovery; that appellee's camera and the outfit thereof were not baggage within the meaning of the law, and that propositions of appellant, to be held as law, were improperly refused.

The evidence fully warranted the court in finding that appellee expressly promised to be responsible for the baggage. There was a sufficient consideration for the promise. The evidence shows that appellee did not want to check his grip, but to take it with him in the passenger car, but appellant informed him that unless he checked the grip he would not be furnished with transportation, and that the $2 paid by him to appellant would be returned. Also, that if he gave his check to her he need not look after his baggage at Denver, that it would be forwarded through to Cheyenne. His resigning his check to appellant, thus committing the baggage to her control and care as security for his appearance at the end of the trip, was a sufficient consideration for the promise. The camera and its belongings

were baggage, such as a common carrier of passengers would be responsible for. In Parmelee v. Fischer, 22 Ill. 212, the court approved the following instruction given by the trial court:

"If the jury find for the plaintiff, they will assess the damages for such articles of necessity and convenience as are usually carried by passengers for their personal use and comfort, instruction and amusement or protection, having regard to the object and length of the journey."

Among the articles carried by the plaintiff in that case as baggage were one German silver or britannia teapot, one looking-glass, one new double-barreled gun, etc. The plaintiff recovered.

In Davis v. Mich. S. & N. R. R. Co., Ib. 278, a revolver was held to be baggage.

In Woods v. Devin, 13 Ill. 746, a pocket pistol and a pair of dueling pistols were held to be baggage.

Appellant's counsel suggests that there was no promise to pay appellee's living expenses at Denver. Appellee, not finding his baggage at Cheyenne, where he was informed by appellant he would find it, returned to Denver and there saw appellant, who told him to stay in Denver a few days and she would search for the baggage, and it would, undoubtedly, be found. He testified that he did so, and kept staying, and that appellant kept saying every day that it would only be a matter of a day or two, and that while in Denver his board cost him $26, in addition to $17.50 for room rent. The court allowed him only the price of living expenses for one week, $10.15, although he was in Denver waiting for his baggage a much longer time. We think that appellant has no just cause to complain of this allowance.

Counsel except to the refusal of the court to hold certain propositions as law. We find no error in this respect.

The judgment will be affirmed.