## ARTHUR v. PULLMAN CO.

(Supreme Court, Appellate Term. June 23, 1904.)

1. CARRIERS OF PASSENGERS—SLEEPING CARS—LOSS OF BAGGAGE—LIABILITY.

Plaintiff, having purchased a ticket entitling him to a drawing room in a sleeping car, was informed by a porter in charge of the car that baggage could be safely left in the drawing room, to which the porter and conductor had keys. Plaintiff, on leaving the car, notified the porter that he had left his baggage there, and requested the porter to care for it. It was not shown that the porter locked the door of the drawing room, but it was shown that the front door of the car was unlocked at or before the train reached a certain station, prior to the return of plaintiff, when the property had disappeared. *Held*, in an action for the value of the property, that there was sufficient evidence of negligence on the part of the car company to raise a question of fact for the jury.

MacLean, J., dissenting.

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by George D. Arthur against the Pullman Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and SCOTT, JJ.

Saunders, Webb & Worcester (Edwin D. Worcester, Jr., of counsel), for appellant.

Frank D. Arthur, for respondent.

FREEDMAN, P. J. There is no dispute as to the material facts in this case. The plaintiff on October 11, 1901, in company with two ladies, purchased tickets for Loon Lake West, a station in the Adirondacks, and became a passenger on the Montreal Express, which left the Grand Central Station on that day at 6:25 p. m. The tickets entitled the party to one berth and to a drawing room or stateroom at the extreme north end of the forward sleeping car on the train. The door at this end of the car was locked. At first the plaintiff put his baggage into the berth, and the ladies put theirs into the stateroom. There was a dining car upon the train, and the plaintiff went back to the rear end of the car, to where a colored porter was standing, and asked him if dinner was ready, and, being informed that it was, went to the dining car for the purpose of reserving seats for himself and the ladies. He then returned to his own car, and, meeting the porter at the steps at the rear end of the car, asked him if it would be safe for the baggage to be left in the car while the party went to the dining car; and the reply of the porter was, "Why, certainly it is safe." The plaintiff then rejoined his friends, and soon after they all went to the dining car. Prior to going, however, the plaintiff put his own baggage into the stateroom where the ladies' baggage was, and, upon leaving

the stateroom, closed the door. This door had a lock thereon, but the conductor and the porter of the car had the keys thereof, and the testimony shows that the keys of staterooms are never given to passengers. As the plaintiff and the two ladies passed through the car to reach the dining car, they again found the porter in charge of the car at the rear end, and plaintiff said to him: "I have put my things in the stateroom. So all the baggage is together. Keep your eye on it." To which the porter replied: "I will." Upon the return of the party to the sleeping car, some three-quarters of an hour later, the plaintiff found missing a traveling bag and its contents, consisting of wearing apparel, etc., belonging to himself, the conceded value of which was $66.20. This bag and contents were never found. By some unexplained error, the judgment rendered herein in favor of the plaintiff was for the sum of $125 damages. Both sides, however, concede this to be error, and that plaintiff, if entitled to any sum, is only entitled to the sum of $66.20 damages.

Whether or not, under the facts in the case, the plaintiff can recover without proving negligence on the part of the defendant, under the rule laid down in the cases of Carpenter v. N. Y., N. H. & H. R. R. Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644, and Williams v. Webb, 27 Misc. Rep. 508, 58 N. Y. Supp. 300, as distinguished in Adams v. N. J. Steamboat Co., 151 N. Y. 163, 45 N. E. 369, 34 L. R. A. 682, 56 Am. St. Rep. 616, need not be considered, for the reason that I am of the opinion that there was sufficient evidence of negligence to raise a question of fact to be determined by a jury, or the trial judge sitting in place thereof—as to whether or not the defendant was heedless of its duty to the plaintiff. The porter evidently had charge of the car. He had informed the plaintiff that his baggage could be safely left therein. He had notice that it had been placed in the stateroom, to which he had a key, and to which room the plaintiff had no key, and to which the defendant does not allow passengers to have a key. It was not shown that the porter or conductor locked the door of the stateroom, although it was shown that the front end of the car was unlocked at or before the train reached the 125th Street Station, which was prior to the return of plaintiff and his party from the dining car.

The judgment must be reduced to the sum of $66.20 and costs, and for that sum affirmed, with costs.

SCOTT, J., concurs.

MacLEAN, J. (dissenting). "Sleeping-car companies are neither innkeepers nor carriers, * * * and the rules of the common law in regard to carriers or innkeepers have not been extended to this new relation. * * * The relations of the carrier to a passenger * * * are quite different with respect to his personal effects from those which exist at common law between the innkeeper and his guest, or a steamboat company that has taken entire charge of the traveler by assigning to him a stateroom," with a key, the door of which he is asked to lock when going out, and to bolt when going to bed. "While the company running sleeping cars is held to a high degree of care,

\* \* \* it is not liable for a loss of this character without some proof of negligence." Herein is no evidence of contractual relation between the plaintiff and the defendant respecting the stateroom in which he placed his luggage, and so no possible insurer's liability. He had a berth, but, not content with the measure of responsibility the use of that placed upon the company, chose to place his traveling bag in the apartment of his friends. When the plaintiff, on his way to dinner, asked the porter, at the door of the car, whether it was safe to leave the l. ggage, the porter expressed his own opinion merely by saying, with a laugh, "Why, certainly it is safe;" and the porter's promise, "I will," when asked to keep his eye on it, was the porter's personal promise.

The judgment should therefore be reversed, and a new trial ordered.