## Charles B. Wingate, Defendant in Error, v. Pere Marquette Railroad Company, Plaintiff in Error.

### Gen. No. 16,788.

1. COMMON CARRIERS—*what is baggage.* Photographs carried by a furniture salesman are baggage for which recovery may be had, where they cover the entire line, which is not covered by catalog or otherwise, and contain valuable memoranda, as to the woods and prices and where they were to be used at a furniture exposition.
2. COMMON CARRIERS—*questions for jury.* It is for the jury to determine what may properly be regarded as baggage within the rule.

Error to the Municipal Court of Chicago; the Hon. MAX EBER-HARDT, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed October 3, 1912.

GLENNON, CARY, WALKER & HOWE, for plaintiff in error.

MAYER, MEYER, AUSTRIAN & PLATT, for defendant in error; BILLS, STREETER & PARKER, of counsel.

MR. PRESIDING JUSTICE GRIDLEY delivered the opinion of the court.

This was an action in tort in a fourth class case brought in the Municipal Court of Chicago by Charles B. Wingate, defendant in error and hereinafter called plaintiff, against the Pere Marquette Railroad Company, a corporation, plaintiff in error and hereinafter called the company. Plaintiff's claim was "for the loss of a suit case of the value of $6, 1,000 photographs of the value of $250, one shirt of the value of $1, one pair of pajamas of the value of $1," which plaintiff in his statement of claim, alleged that he delivered into the custody of a parlor car porter of the company, while he was traveling from Grand Rapids, Michigan, to Chicago, Illinois, on June 30, 1909, as a passenger on a train of the company, but which suit

case the company failed to return to him at the end of his journey, the same having been lost through the failure of the company to use due care. The cause was tried by a jury and a verdict was returned assessing plaintiff's damages at the sum of $207, upon which verdict the court entered judgment. This writ is prosecuted to reverse that judgment.

Upon the trial the following facts were disclosed: Plaintiff was the manager of the Boston branch of S. Karpen & Bros., manufacturers of furniture. He arrived at Grand Rapids on June 27th from Boston, going to Grand Rapids to see furniture buyers and interest them in the articles of merchandise manufactured by his employers, intending subsequently to go to Chicago for the same purpose. He testified that it was the custom of all furniture houses to ship their sample lines to Grand Rapids and also to Chicago for expositions held at both places from the 20th of June until the latter part of July in each year; that he went to Grand Rapids first because he knew that certain buyers attending said expositions were accustomed to go to Grand Rapids prior to going to Chicago; that when he went to Grand Rapids he had with him the photographs mentioned in his statement of claim for the purpose of showing same to prospective buyers there and elsewhere; t⁁at when he left for Chicago he had finished the business which had called him to Grand Rapids and that he took said photographs with him to Chicago for the additional purpose of having the same there revised. He further testified that there were jotted down on the backs of said photographs memoranda of the woods of the furniture and of the prices thereof; that said photographs containing said memoranda were sometimes used because the samples of all of the goods would not always be on the floor; that S. Karpen & Bros. employed ten or twelve salesmen; that each salesman had a set of these photographs, the cost of which was paid by his employers,

and the same were their property; that his employers also published a printed catalogue, but that the same did not cover the entire line, while the photographs did so completely, and that said photographs were made in February, 1909, the original negative costing $1.50 and each photograph 25 cents. He further testified that he left Grand Rapids for Chicago late in the afternoon of June 30, on a train of the company; that he was in the parlor car; that he had two dress suit cases with him, one containing his "personal belongings," and the other containing the 1,000 photographs mentioned, together with a shirt costing new $2.50, pajamas costing new $2.50, and the suit case $8.00. It appeared that just as the train was entering the station at Chicago, the porter of the parlor car took both suit cases to the vestibule of the car and came back into the car without the suit cases to call the passengers, and that when plaintiff went, and the porter returned, to said vestibule, the suit case containing said photographs was missing and could not be found, and has not since been returned to plaintiff.

Counsel for the company in their brief state that "the remaining evidence is not material to the *sole* question which the company desires to raise on the record, that is, whether or not the photographs in question were properly personal baggage of a passenger in a parlor car, for the loss of which the company would be liable to respond in damages." We will, therefore, limit ourselves in this opinion to a discussion of this question.

After a careful examination of the record, of the exhaustive briefs filed by counsel for the respective parties and of many authorities, we have reached the conclusion that under the facts in this case the photographs in question were the baggage of the plaintiff, and that the company is liable to respond in damages for their loss.

"A common carrier of passengers is responsible for

the baggage of a passenger. But what shall be deemed baggage becomes, under some circumstances, a question of doubt." Chicago, etc., R. R. Co. v. Collins, 56 Ill. 212, 217; 6 Cyc. 662.

In 4 Elliott on Railroads, Sec. 1646, it is said:

"It is somewhat difficult to give an accurate definition of the term baggage. In its broadest sense it denotes those things which a passenger takes with him on his journey, either for his use while in transit or to accomplish the ultimate purpose of his journey, and may include not only things taken for the personal convenience of the passenger, but also merchandise knowingly received and carried along with the passenger as baggage. In its strictest sense it may be defined as meaning those things which passengers of the same class usually or fittingly carry with them for their personal use or convenience on similar journeys. * * * In determining whether or not any particular article is baggage many things are to be considered, such as the station which the person who owns the baggage occupies in life, the length and duration of his journey, the period of his stay at the place to which he may be traveling, the purpose of his journey and often the business in which the person may be engaged."

In Macrow v. Great Western Ry. Co., 6 L. R. (Q. B.) 612, 622, it was said:

"We hold the true rule to be that whatever the passenger takes with him for his personal use or convenience according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities, or to the ultimate purpose, of the journey, must be considered as personal luggage. This would include not only all articles of apparel, whether for use or ornament, * * * but also the gun case or the fishing apparatus of the sportsman, the easel of the artist on a sketching tour, or the books of the student, and other articles of an analogous character, the use of which is personal to the traveler, and the taking of which has arisen from the fact of his journeying."

In Woods v. Devin, 13 Ill. 746, it was held that a common carrier of passengers was liable for the loss of a pocket pistol and a pair of dueling pistols contained in the carpet bag of a passenger, which was stolen out of the possession of the carrier. In this case the court (p. 750) said that the term "baggage" includes "such articles of necessity and convenience as are usually carried by passengers for their personal use, comfort, instruction, amusement or protection," and that "regard might, with propriety, be had to the object and length of the journey, the expenses attending it, and the habits and condition in life of the passenger." See also Parmelee v. Fischer, 22 Ill. 212; Lake Shore, etc., Ry. Co. v. Hochstim, 67 Ill. App. 514.

In Illinois Central R. R. Co. v. Copeland, 24 Ill. 332, it was decided that a reasonable amount of bank bills might be carried in a trunk and their value recovered as lost baggage.

In Werner v. Evans, 94 Ill. App. 328, this court decided that a valise containing articles of personal apparel and certain record books used by appellee "in her vocation as nurse" was baggage, and that the value of said valise and contents could be recovered in an action against parties doing an express and storage business, in whose hands the same had been given for conveyance, and while in their hands had been lost.

In Atwood v. Mohler, 108 Ill. App. 416, it was held that a camera and its belongings contained in a grip were baggage, such as a common carrier of passengers would be responsible for.

In Hannibal, etc., R. R. Co. v. Swift, 12 Wall. 262, it was held that surgical instruments in the case of a surgeon in the army traveling with troops, constituted a part of his baggage.

In Staub v. Kendrick, 121 Ind. 226, where a valise, which was given in charge of the agent of one engaged in transferring baggage to be conveyed from one depot

to another, was lost through the agent's negligence, it was held that the carrier was liable for the value of the contents of the valise, including a traveling salesman's *catalogue*, which was a book carried by him for his personal use and convenience, and used by him in his business and in the discharge of his duty.

In Gleason v. Goodrich Transportation Co., 32 Wis. 85, it was held that a manuscript "price book," which plaintiff carried about with him in his valise while engaged as traveling agent in selling Sheffield goods, and which contained the prices of the component parts of such goods, and which was used by him when making sales to ascertain values which he could not carry in his memory, was a part of his personal baggage.

In Hopkins v. Westcott, 6 Blatch. (U. S.) 64, it was held that manuscript books, the property of a student and necessary to the prosecution of his study, are to be regarded as baggage.

In Kansas City, etc., R. R. Co. v. Morrison, 34 Kan. 502, it was held that a reasonable quantity of the tools of a mechanic working as a watch maker and jeweler was baggage. See also Missouri, etc., Ry. Co. v. Meek, 33 Tex. Civ. App. 47.

In Runyan v. Central R. R. Co., 61 N. J. L. 537, the court held that while a traveler cannot take with him as personal, baggage mere merchandise, the use of which is not personal to him in accomplishing the purpose of his journey, nevertheless a satchel, containing a pair of gloves, some catalogues and memoranda carried for the business purposes of his journey and which had been in use by him, was personal baggage. In this case the court said (p. 541):

"He was entitled to take with him for use his personal baggage appropriate to the journey and its object—that is, not only wearing apparel for use and ornament, but also other articles, all within reasonable limit, the use of which was personal to him during his journey and in accomplishing its purposes. To illustrate the character of such articles, other than

wearing apparel, it is settled that a sportsman journeying for sport may take his gun or fishing apparatus (Hawkins v. Hoffman, 6 Hill 586); an artist may take his easel when he is on a sketching tour (Merrill v. Grinnell, 30 N. Y. 594); etc.''

In Voss v. Wagner Palace Car Co., 16 Ind. App. 271, it was held on a rehearing that, where the porter of a sleeping car, in pursuance of his duties and custom took charge of a passenger's baggage, for the purpose of removing it from the car at the passenger's destination, the car company became liable therefor if such baggage was lost or stolen through the negligence of its employees. See also Voss v. Wagner Palace Car Co., *supra;* Kinsley v. Lake Shore, etc., R. R. Co., 125 Mass. 54.

We are not unaware of the fact that there are to be found cases decided by the courts of other states which are seemingly at variance with the current of authority as above outlined. See McElroy v. Iowa Central Ry. Co., 133 Iowa, 544; Yazoo, etc., R. R. Co., v. Georgia Ins. Co., 85 Miss. 7.

This case was tried by a jury and in our opinion the jury were properly charged by the court. And ''the question of whether any particular article, * * * may properly be deemed baggage, in view of the nature of the journey and the circumstances and condition of the passenger, is for the jury'' (6 Cyc. 667). ''The question what articles of property, as to quantity and value, contained in a trunk, may be deemed baggage within the rule, is to be determined by the jury according to the circumstances of the case, subject to the power of the court to correct any abuse.'' Oakes v. N. P. R. R. Co., 20 Ore. 392, 397; see also Railroad Co. v. Fraloff, 100 U. S. 24; Dibble v. Brown, 12 Ga. 217; Ouimit v. Henshaw, 35 Ver. 605; Brock v. Gale, 14 Fla. 523; Kansas City, etc., Co. v. Morrison, *supra;* Missouri, etc., Ry. Co. v. Meek, *supra.* The jury in effect found by their verdict that the photographs in question were baggage, and that verdict

should not be disturbed under the law as applied to the facts of this case.

For the reasons indicated, the judgment of the Municipal Court is affirmed.

*Affirmed.*