(79 Misc. Rep. 52.)

### SHERMAN v. PULLMAN CO.

(Supreme Court, Appellate Term, First Department.   January 9, 1913.)

1. CARRIERS (§ 417\*)—BAGGAGE—ACTIONS FOR LOSS—SUFFICIENCY OF EVIDENCE.

   Evidence in a Pullman car passenger's action for loss of baggage *held* to sustain a judgment for plaintiff.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.\*]

2. CARRIERS (§ 417\*)—BAGGAGE—NEGLIGENCE.

   The failure of the porter of a Pullman car to return to a passenger articles delivered to him on retiring was prima facie evidence of negligence.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1590–1600; Dec. Dig. § 417.\*]

3. CARRIERS (§ 413\*)—BAGGAGE—NEGLIGENCE.

   If a porter neglected to watch a bag, which he received from a passenger on retiring, and permitted its contents to be stolen, or himself stole it, the sleeping car company would be liable therefor.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1583–1588; Dec. Dig. § 413.\*]

4. CARRIERS (§ 387\*)—"BAGGAGE"—DEFINITION.

   The meaning of the term "baggage" depends upon the peculiar circumstances of each case; but the contract to transport imposes the duty of transporting a reasonable amount of hand baggage, such as is commonly taken by travelers for their personal use, the quantity and value of which depends upon the passenger's station in life and the purpose of his journey.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1505–1518; Dec. Dig. § 387.\*

   For other definitions, see Words and Phrases, vol. 1, pp. 663–670; vol. 8, p. 7586.]

5. CARRIERS (§ 391\*)—PASSENGERS—BAGGAGE.

   A diamond necklace, carried by a female passenger in a hand bag, is baggage, even though not used on the journey.

   [Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1520–1528; Dec. Dig. § 391.\*]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Helen D. Sherman against the Pullman Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued December term, 1912, before SEABURY, GUY, and GERARD, JJ.

Worcester, Williams & Saxe, of New York City (Rogers H. Bacon, of New York City, of counsel), for appellant.

Julius D. Tobias, of New York City (Harry A. Bloomberg, of New York City, of counsel), for respondent.

SEABURY, J.   The plaintiff sues to recover the value of a diamond necklace, alleged to have been lost or stolen through the negligence of the defendant.   On August 30, 1910, plaintiff was a passenger with

her husband on one of the defendant's cars, which left Lake Placid bound for the city of New York. The plaintiff had with her a small leather bag, in which were certain toilet articles and a small wooden jewelry box, which contained a diamond necklace.

[1] Plaintiff testified that, when she prepared to retire for the night, she endeavored to put her hand bag under the berth; but, as her husband's dress suit case had already been put under the berth, she was unable to do so. While she was so engaged, the porter in charge of the car said to her, "I will take care of this for you, lady," and she delivered the bag to him. The next morning she found the bag in front of her berth, and, upon opening it, discovered that the wooden jewelry box had been broken open, and that the necklace had been taken away. She immediately reported the loss to her husband and to the conductor of the car. Upon the trial, the porter denied that the bag had been given into his possession. The court below rendered judgment for the plaintiff for $250. The judgment cannot properly be said to be against the weight of the evidence, and upon this appeal we must assume that the facts were as stated by the plaintiff. Upon this state of facts, the defendant was properly held liable.

[2,3] The bag was actually delivered to the porter, whose duty it was to aid passengers in handling their baggage, and to watch and care for it while the passenger was asleep. The failure of the defendant to return to the plaintiff the articles which she had delivered to it was prima facie evidence of negligence. The defendant having received the bag and its contents from the plaintiff, its duty was to return them, or to satisfactorily explain their loss. It did neither of these things. If the porter neglected to watch the bag, and thus allowed some one to steal its contents, the defendant was liable. If the porter stole the necklace, the defendant was also liable. That the defendant is liable for the loss of the baggage of its passengers, under the circumstances disclosed by the evidence in this case, is now too firmly established to admit of question. Hasbrouck v. N. Y. C. & H. R. R. Co., 202 N. Y. 363, 95 N. E. 808, 35 L. R. A. (N. S.) 537, Ann. Cas. 1912D, 1150; Knieriem v. N. Y. C. & H. R. R. R. Co., 146 App. Div. 662, 131 N. Y. Supp. 496; Carpenter v. Railroad Co., 124 N. Y. 53, 26 N. E. 277, 11 L. R. A. 759, 21 Am. St. Rep. 644; Williams v. Webb, 27 Misc. Rep. 508, 58 N. Y. Supp. 300; Irving v. Pullman Co., 84 N. Y. Supp. 248; Arthur v. Pullman Co., 44 Misc. Rep. 229, 88 N. Y. Supp. 981; Croll v. Pullman Co., 61 Misc. Rep. 265, 113 N. Y. Supp. 542.

[4] The appellant contends that the diamond necklace was not a part of the plaintiff's baggage appropriate to the journey, and that, therefore, the defendant is not liable for its loss. This contention raises the familiar question as to what may be included within the term "baggage." None of the definitions of this term given by judges and text-writers really define it in any satisfactory way. The term is probably incapable of exact definition, as its meaning must in every case depend upon so many personal and peculiar circumstances. Perhaps as satisfactory a statement as can be found is that given by Judge

Vann in Hasbrouck v. N. Y. C. & H. R. R. Co., supra, where it is said:

"The contract to transport the plaintiff carried with it the duty of transporting a reasonable amount of hand baggage, such as is commonly taken by travelers for their personal use; the quantity and value depending upon station in life, object of the journey, and other considerations."

In Macrow v. Great Western Ry. Co., Law Rep. 6 Q. B. 612, 622, Chief Justice Cockburn said:

"Whatever the passenger takes with him for his personal use or convenience, according to the habits or wants of the particular class to which he belongs, either with reference to the immediate necessities, or to the ultimate purpose, of the journey, must be considered as personal luggage."

The range of articles which are included within the term must necessarily be as diversified as individual tastes and habits. A few of the cases on the subject will indicate the latitude of the term. Thus, baggage has been held to include:

The tools of a harness maker. Davis v. Cayuga & S. R. Co., 10 How. Prac. 330.

Or carpenter. Porter v. Hildebrand, 14 Pa. 129.

The surgical instruments of an army surgeon. Hannibal R. R. v. Swift, 12 Wall. 262, 20 L. Ed. 423.

A camera. Atwood v. Mohler, 108 Ill. App. 416.

A snuff box, writing paper, and ink. Grant v. Newton, 1 E. D. Smith, 95.

A watch. McCormick v. Hudson R. R. Co., 4 E. D. Smith, 181; Jones v. Voorhees, 10 Ohio, 145; American Contract Co. v. Cross, 71 Ky. (8 Bush.) 472, 8 Am. Rep. 471.

A pocket pistol and a case of dueling pistols. Woods v. Devin, 13 Ill. 746, 56 Am. Dec. 483.

A telescope. Cadwallader v. Railway Co., 9 Low. Can. 169.

An opera glass. T. W. & W. Ry. Co. v. Hammond, 33 Ind. 379, 5 Am. Rep. 221.

A gun. Int. & G. N. Ry. Co. v. Folliard, 66 Tex. 603, 1 S. W. 624, 59 Am. Rep. 632.

One revolver. Chicago, etc., R. R. Co. v. Collins, 56 Ill. 212.

A rifle, revolver, gold chain, two rings, and a silver pencil case. Bruty v. Railway Co., 32 Upp. Can. Q. B. 66.

And in Parmelee v. Fischer, 22 Ill. 212, 74 Am. Dec. 138, the plaintiff was permitted to recover for a variety of articles as baggage which range from a German silver teapot and a looking-glass to a new double-barreled gun.

Personal jewelry, such as a lady may carry for her personal use, has often been held by the courts to come within the term baggage. In Brooke v. Pickwick, 4 Bingham, 475, a gentleman traveling by coach with his daughter had in his trunk jewelry used by the latter, which was lost. It was held to be baggage; Best, C. J., saying:

"The plaintiff's trunk contained no more than a person in his condition might be expected to carry with him."

In McGill v. Rowand, 3 Pa. 451, 45 Am. Dec. 654, a plaintiff was allowed to recover for the loss of his wife's valuable diamond breast-pin, a gold breastpin, and a miniature set in gold, with chain.

In Doyle v. Kiser, 6 Ind. 242, the court said:

"The articles of property treated as baggage, according to the decisions of different courts, may be, clothing, traveling expense money, a few books for the amusement of reading, a watch, a lady's jewelry for dressing, etc."

In McCormick v. Hudson R. R. Co., 1 E. D. Smith 181, a gold watch and such other articles of jewelry as a passenger ordinarily wears about his person were held to be baggage.

In Hubbard v. Railway, 112 Mo. App. 459, 87 S. W. 52, articles consisting of opera glasses, jewelry, watches, diamonds, earrings, and several rings and breastpins, were held to be baggage; the court saying:

"It will be seen at a glance that they were things appropriate to the apparel of a woman, as all of them were pieces of jewelry such as are commonly worn on the person for use or ornament. * * * We might almost pronounce the articles to be baggage as a matter of law; for plainly they were personal apparel."

In Hasbrouck v. N. Y. C. & H. R. R. R. Co., supra, a lady, who was a passenger on defendant's train, was permitted to recover for three finger rings and two $10 bills, which were lost or stolen from her; Vann, J., saying:

"The rings were adapted to her social position, and she was in the habit of wearing them at parties and receptions."

In Knieriem v. N. Y. C. & H. R. R. R. Co., supra, a plaintiff was permitted to recover for four rings, a watch, and a silver bag used by his wife, on the ground that these articles were baggage.

In Railroad Co. v. Fraloff, 100 U. S. 24, 25 L. Ed. 531, the plaintiff, a foreign lady of rank and wealth, was permitted to recover for the loss of 275 yards of rare and valuable lace, which was lost from her trunks. It was shown that she was accustomed to wear the lace upon different dresses when on visits, or frequenting theaters, or attending dinners and balls and receptions, and the court held that the lace was baggage, and affirmed a verdict for the plaintiff for $10,000.

In those cases where jewelry carried by a passenger has been held not to be baggage, the jewelry was being carried as merchandise for sale, or as presents for friends, or belonged to some person other than the passenger. Richards v. Westcott, 15 N. Y. Super. Ct. 589; Id., 20 N. Y. Super. Ct. 6; Nevins v. Bay State Steamboat Co., 17 N. Y. Super. Ct. 225. While a recovery was denied for lost jewelry in Steers v. N. Y. & Philadelphia Steamship Co., 57 N. Y. 1, 15 Am. Rep. 453, the decision was placed upon the ground that the bill of lading or receipt for the trunk containing the jewelry expressly provided that such articles should be carried by passengers only at their own risk.

[5] The fact that the diamond necklace which was lost was not used by the plaintiff *on the journey* does not preclude it from being

considered as baggage. Dexter v. Syracuse, etc., 42 N. Y. 326, 1 Am. Rep. 527.

It follows that the judgment appealed from should be affirmed, with costs. All concur.