## HOUSE, Respondent, v. CHICAGO & NORTHWESTERN RAILWAY COMPANY, Appellant.

### (142 N. W. 736.)

1.  **Trial—Objections to Evidence—Baggage.**         .

    In an action against a carrier for loss of baggage, an objection to questions concerning articles in a lost trunk, on the ground that there was nothing to show that they were, or were intended to be used by the passenger as baggage within the statute, was properly overruled, since the question as to their character as baggage could not be raised merely by an objection to evidence.

2.  **Motion to Strike Evidence, and Dismiss Action—Directed Verdict—Sufficiency of Motion—Theory of Trial.**

    In an action against a carrier for loss of baggage, defendant objecting to evidence concerning articles lost, on ground that there was nothing to show that they constituted, or were intended by the passenger to be used as baggage, and at close of all evidence moved, separately, to strike out the testimony as to each item, and to dismiss action, on the grounds stated in said objection, **held,** the trial court erred in refusing to grant such motions, which were in effect motions to direct a verdict, as regards articles not shown to be so connected with the purpose and object of the passenger's trip as to constitute baggage, the grounds of the motion being broad enough to raise the question whether, as matter of law, all articles lost were or were not baggage. **Held,** further, that defendant's theory in making the motions was, that said articles were not baggage as matter of law, in this particular case.

    Whiting, P. J., dissenting.

3.  **Appeal—Trial—Directing Verdict—No Exception to Instruction—Waiver as to Verdict.**

    Failure to submit requested instructions, or to except to instructions given, does not deprive defendant of the benefit of its exceptions to denial of its motions to direct verdict.

4.  **Carriers—"Baggage"—Baggage as Matter of Law—Evidence.**

    A gun and gun case taken by a passenger on a railroad trip, not shown to be in any manner connected with the purpose and object of the trip, do not constitute, as matter of law, baggage.         .

    Whiting, P. J., dissenting.

    (Opinion filed July 17, 1913.)

14—Vol. 32, S. D.

On rehearing. Former opinion modified, judgment reversed, and case remanded.

For former opinion, see, 30 S. D. 321, 138 N. W. 809.

*Buell & Gardner,* for Appellant.

*Boyd & Soule,* for Respondent.

GATES, J. This case is before us upon a rehearing granted an appellant's application. For the former opinion, see, 30 S. D. 321, 138 N. W. 809. To the principal parts of that opinion we adhere. We now think it was inaccurate to state therein that defendant's attorneys tried the case on the theory that the articles in dispute could not under any circumstances become baggage. We also think that opinion erroneous in so far as it disposes of the questions that were raised by defendant's motion to strike out plaintiff's testimony and dismiss the action.

[1] Except as to items aggregating in value $90, objection was made to each question relative to the articles in the trunk. This objection was as follows: "Defendant objects for the reason that there is nothing to show that (the item in question) constitutes baggage within the meaning of our statute; nothing to show that they are articles intended for the use of a passenger while traveling or for his personal equipment." This objection was properly overruled. The question as to the character of the items as baggage could not be raised simply by an objection to evidence. The principle involved is very similar to that involved in an objection to the introduction in evidence of a promissory note on the ground that it is barred by the statute of limitations. Dielmann v. Citizens' Bank, 8 S. D. 263, 66 N. W. 311; Newton v. McGee, 31 S. D. 216, 140 N. W. 252. Plaintiff was entitled to prove the contents of the trunk and to connect the evidence as to such contents with evidence tending to show the purpose of the trip, the prevailing custom, and the other facts mentioned in the rule quoted with approval in the former majority opinion in this case.

[2] At close of plaintiff's evidence and again at the close of all of the evidence, defendant moved that plaintiff's testimony be stricken out and the action dismissed upon the grounds stated in the above objection. Separate motions were made as to each of the disputed items in the trunk. These motions were substantially motions for the direction of the verdict. Upon further considera-

tion we are of the opinion that these motions indicate that de-fendant's counsel were trying the case, not upon the theory that said articles could not under any circumstances become baggage, but that they were trying the case upon the theory that said articles were not *baggage as a matter of law in this case*. They virtually, by such motions, said to the court: "We concede that plaintiff's trunk contained the articles mentioned; we concede that plaintiff and his wife have testified truthfully as to the purpose of the journey and its objects, but from such evidence and the law applicable thereto we believe that none of these items come within the definition of the term 'baggage,' except the items aggregating $90 in value, about which there is no question."

In the original opinion in this case it is stated that counsel for defendant were trying the case upon the theory that the arti-cles in the trunk could not under any circumstances become bag-gage. It would be as reasonable to say that plaintiff's counsel were trying it upon the theory that the articles would be baggage or luggage under all possible conditions. We do not think that we are warranted in saying that counsel on either side were trying this case upon a hypothetical state of facts. It seems clear that they were trying this case upon their respective views of the law and facts in this particular case. Plaintiff's view was that, as a matter of law in this particular case, the items were baggage. Defendant's belief was that they were not baggage as a matter of law in this case. The trial court adopted the plaintiff's view. It denied these motions and submitted to the jury the question as a whole as to whether defendant failed to safely transport and lost the trunk and its contents. The grounds of the motion were, upon the theory that the greater includes the less, broad enough to raise the question as to whether, as a matter of law, all of the items in the trunk were or were not baggage.

[3] Unless it was clear from the evidence, as a matter of law, that none of the items in dispute were baggage, the plaintiff was entitled to have the jury, under proper instructions, pass upon that question as to each item, nor did defendant lose the benefit of its exception to the denial of its motions to direct a verdict by failing to submit requested instructions or by failing to except to the instructions as given. State v. Ham, 21 S. D. 598, 114 N. W. 713. The question was once fully raised and was not aban-

doned and is now before us upon the assignment of error based thereon.

[4] It seems to us from a consideration of the evidence as to the purpose of the trip and the objects thereof that there were at least two articles, viz., the gun and gun case, that as a matter of law did not constitute baggage. In our opinion there was no evidence in the case that warranted the trial court in holding, as a matter of law, that the gun and gun case did constitute baggage in this particular case, because they were not in any manner connected with the purpose and object of the trip. Sherman v. Pullman Co., 79 Misc. Rep. 52, 139 N. Y. Supp. 51. It is probable that there are other items similarly situated.

It seems to us, therefore, that the only question for review in this court upon this branch of the case, under defendant's motions to direct a verdict and the exceptions thereto, was and is whether the trial court erred in refusing to hold, as a matter of law, that none of the disputed items were baggage, or, conversely stated, whether the court erred in holding that all of the disputed items were baggage or luggage, as a matter of law, in this case. We think these questions were not properly tried in the circuit court and that the court erred in denying said motion as to some of the items in dispute.

The judgment and order denying a new trial are reversed, and the case is remanded for a new trial.

WHITING, P. J. (dissenting). My Colleague says: "At the close of plaintiff's evidence and again at the close of all the evidence, defendant moved that plaintiff's testimony be stricken out and the action dismissed *upon the ground stated in the above objection*"—the "above objection" stating that there was *"nothing to show"* that they are articles intended for the use of a passenger while traveling or for his personal equipment." Neither the motion to strike out evidence nor the motion to dismiss suggested any lack of evidence sufficient to prove that the articles in question were, under the circumstances of plaintiff's trip, baggage. If these motions had suggested that there was "nothing to show" that the articles were in fact baggage, my Colleague's conclusion would be correct. The sole ground stated in these motions was that "each and all of the items objected to are not baggage or luggage within the meaning of our law; the same not being arti-

cles intended for the use of a passenger while traveling or for his personal equipment." By such motions, defendant's counsel apparently intended to, and certainly did, advance the abstract proposition that articles of the kind referred to could not, under any circumstances, be baggage. The rulings of the trial court thereon were correct and its order and judgment should be sustained.